### KNOX v. FREEMAN.

No. 27958. April 19, 1938.

McKeever, Stewart & McKeever, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, for defendant in error.

WELCH, J. The parties will be referred to as plaintiff and defendant as they appeared in the court below.

On August 10, 1927, Eli N. Wells and his wife, Jane N. Wells, executed and delivered to the defendant an oil and gas lease covering their undivided 34/60 interest in the mineral rights in and under a certain tract of land in Garfield county, Okla. At that time these lessors were the owners of all of the surface rights to the land, while the remaining 26/60 interest in the mineral rights belonged to other persons. At about this time these other owners of mineral rights executed separate oil and gas leases to the defendant covering their respective interests in the premises.

Thereafter, on April 29, 1935, the plaintiff became the owner of the surface rights of said premises and said 34/60 interest in the mineral rights, and was thereby subrogated to all the rights of Eli N. Wells and Jane N. Wells, husband and wife, as lessors in said lease to the defendant.

Thereafter, on June 10, 1935, plaintiff notified defendant in writing that the plaintiff claimed defendant had breached the conditions of said oil and gas lease by failing to comply with the implied covenants therein contained, and made demand on said defendant to comply with and perform said implied covenants.

Thereafter, on August 21, 1935, plaintiff commenced this action against the defendant for the cancellation of the oil and gas lease so executed by Eli N. Wells and Jane N. Wells to the defendant and covering said undivided 34/60 interest in the mineral rights of said premises.

A judgment was entered in favor of the plaintiff, and defendant appeals.

The sufficiency of the evidence from which the court found that the plaintiff had sustained the allegations of his petition is not challenged. In this appeal the defendant presents the following propositions:

"(1) Does the petition state a cause of action in favor of the plaintiff and against the defendant?

"(2) Should the court have sustained the defendant's objection to the introduction of any evidence?

"(3) Should the court have sustained the motion of the defendant for judgment on the pleadings?

"(4) Did the court err in entering judgment for the plaintiff?

"(5) Should the court have sustained defendant's motion for a new trial?"

In the determination of the first proposition all the others will be considered and determined, as was suggested by the defendant in the following quotation from his brief:

"We base our whole case on the legal proposition that the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant and that the demurrer should have been sustained to the petition, and if this is true, as we have argued in this brief, then the court, of course, committed error as would naturally follow in entering judgment for the plaintiff and refusing to sustain the motion for new trial.

"The same authorities and argument which apply to the sufficiency of the petition go in fact to all of the propositions set out."

That all the parties owning an interest in the mineral rights under the tract of land above mentioned are tenants in common is conceded by both parties.

It is the contention of the defendant that the other tenants in common are necessary parties to any suit to cancel the lease of one of them and that such parties must be made either plaintiffs or defendants, and that the petition which does not include such cotenants in common is defective as to parties and cannot be sustained and is demurrable.

It is apparent that all parties necessary to a declaration of forfeiture of a lease are also necessary parties to an action to enforce such forfeiture.

In support of his contention that all cotenants must join in the election to forfeit a lease, the defendant cites and relies upon the case of Hawkins v. Klein, 124 Okla. 161, 255 P. 570, and Utilities Prod. Corp. v. Riddle, 161 Okla. 99, 16 P.2d 1092, wherein the Hawkins Case is cited with approval.

We quote from the Hawkins Case:

"It seems from this record that the land involved was property belonging exclusively to Minnie Ball Dawes. She, joined by her husband, Charles Dawes, had executed the Moses lease. She died before the grounds of forfeiture had been committed, if, in fact, there existed grounds of forfeiture, and before the notice was issued and served. After her death her husband, Charles Dawes and Beatrice Peters Schapp and Juanita Alma Dawes, her daughters, took the property by inheritance, being her sole heirs, and they were co-owners of the land and rights accruing under the lease. These three heirs of Minnie Ball Dawes were then cotenants, each equally interested with the others in the property and rights accruing. The ques-

tion then is, Was the forfeiture notice issued by Charles Dawes, one of the cotenants alone, sufficient as a forfeiture notice?

"In Howard v. Manning, 79 Okla. 165, 192 P. 358, this court had under consideration a similar question, and held:

" 'All the heirs, or their successors, must concur and unite in an election to enforce the forfeiture on account of the breach of entire and indivisible covenants.'

"And further held that:

" 'Neither tenant in common has, by virtue of his relationship to his cotenant in common, any authority to act as agent, for his companion in either giving a lease or enforcing a forfeiture thereof.'

"* * * Upon the authority of the cited case, the notice issued by Charles Dawes alone, a cotenant and not sole owner, was a nullity, and did not effectuate a forfeiture."

In the Manning Case, in the syllabus, we find these expressions:

"There is an important distinction between the estate of joint tenants and the estate of tenants in common. If all the joint tenants unite in the execution of a lease, it is regarded in law as but one lease made by one lessor, whereas a lease executed by several tenants in common is regarded as several leases of their respective and separate shares. * * *

"The lessee's covenants, unless otherwise expressed, are joint and indivisible under a lease executed jointly by all the tenants in common."

The Manning Case involves an agricultural lease and the courts have made some distinction between such leases and oil and gas leases because of the particular implied covenants found in oil and gas leases.

It is unnecessary herein to express an opinion concerning an oil and gas lease executed jointly by all the tenants in common; suffice to say that the Utilities Corporation Case and the Hawkins Case are distinguished on the facts and inapplicable to the instant case.

In this case there was no lease by a joint tenant nor a lease jointly executed by tenants in common, but the plaintiff's predecessor in title made a separate lease to the defendant. Although he was a tenant in common with the other owners of undivided portions of the oil and gas rights, he had the right to lease his portion without the consent of such cotenants. Moody v. Wagner, 167 Okla. 99, 23 P.2d 633; Earp v.

Mid-Continent Pet. Corp. et al., 167 Okla. 86, 27 P.2d 855.

In the case of Moppin v. Norton, 40 Okla. 284, 137 P. 1182, this court in the second paragraph of the syllabus said:

"One tenant in common may maintain an action for the recovery of real property against a third person; but his recovery is limited to such interest in the premises as he proves title in himself superior to that of defendants."

And in the body of the opinion:

"While, as tenants in common, each has an undivided interest in each and every part and parcel of the land, still each has a separate and distinct freehold—one has no more interest in the title of the other than a stranger."

We quote from the syllabus of Earp v. Mid-Continent Pet. Corporation, supra:

"1. The owners of undivided interest in the oil and gas rights in and under real estate are tenants in common, and each cotenant has the right to enter upon the premises for the purpose of exploring for oil and gas without the consent of the other tenant in common. Provided, however, that he cannot exclude his cotenants from exercising the same right with reference to the common property.

"2. Each tenant in common may properly lease for oil and gas purposes his interest in the property without the consent of his cotenant, and the lessee upon execution and delivery of the lease becomes a tenant in common with the tenants in common of his lessor.

"3. In the absence of a contract to that effect, a tenant in common is not an agent for his cotenants, and a lease executed by him is effective as to his interest, and ineffective as to the interest of his cotenants."

Section 142, Okla. Stats. 1931, provides:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article; but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract."

Section 151:

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article."

Section 152:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

Section 153: .

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants, but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition."

Clearly, the other owners of undivided portions of the oil and gas rights could not enforce the provisions of the separate lease made by the lessor of whom plaintiff is successor. Such separate lease of a separate and distinct interest is ineffective as to them. While, as tenants in common, each has an undivided interest in the oil and gas under every part of the land, still each has a separate and distinct right to enter and develop his portion when not to the exclusion of the other cotenants, and one has no more interest in the right of the other to develop than a stranger. It follows that when one assigns his right to develop, the others have no interest in his efforts to cancel the assignment.

The rights of the plaintiff lessor are fixed by the terms of his separate lease, and there is no privity between such lessor and his other cotenants. It is obvious that the plaintiff lessor is the only real party in interest in the enforcement of the rights of the lessor under the separate lease of the lessor's separate interest; that there is no unity of interest between him and the other owners of the mineral rights, and that their presence is not necessary or required to make a complete determination of the questions involved.

For the reasons stated, we are of the opinion that the petition of plaintiff stated a cause of action in favor of the plaintiff and against the defendant, and that the trial court properly overruled defendant's demurrer. It then follows that the trial court properly overruled defendant's objection to the introduction of any evidence, and defendant's motion for judgment on the pleadings, and that the trial court did not err in entering judgment for plaintiff and in overruling defendant's motion for new trial.

The judgment is affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.