Maria Guadalupe DAVILA MENDEZ, Administratrix of the Estate of Carlos Humberto Mendez, Deceased,

v.

VATICAN SHRIMP CO., Inc.

Civ. A. No. 67-B-14.

United States District Court
S. D. Texas,
Brownsville Division.

Dec. 7, 1966.

tives of Esteban Robledo, the other crewman who lost his life on the same voyage.

A hearing was held on the motion with the attorneys for the Plaintiff and for the Defendant, which the attorney for the Estate of Esteban Robledo also attended, as he put it "as an interested bystander", as he claimed that he was not before the Court.

The Defendant was allowed to file a brief on its pending motion by November 27, 1967, and later granted until November 30, 1967. Reply briefs were to be filed by December 4, 1967, and the motion was to be submitted to the Court as of that date. The attorneys for the present Plaintiff have indicated that they do not care to file a brief, and the attorney for the proposed additional party plaintiff has informed the Clerk of this Court that he does not feel he is before the Court and will not file a brief either.

It is plain that the fact issues to be determined by the present litigation are whether or not the crew members of the shrimp trawler LOLESS MAURINE lost their lives as a result of any unseaworthy condition of the vessel, or negligent act, or omission to act, on the part of the owner of the vessel. There can be no question that the same factual issues would be involved in any case instituted for or on behalf of the proposed party plaintiff mentioned in the motion.

It has also been suggested to the Court that the personal representative of the crewman Esteban Robledo is amenable to service in this Court.

A close look at new Rule 19 of the Federal Rules of Civil Procedure has convinced this Court that said rule as now written contemplates the joinder of parties to avoid a multiplicity of suits. As stated in the article entitled "The New Federal Rules of Civil Procedure" by Sherman L. Cohn, in the Georgetown Law Journal, Vol. 54, p. 1204, at p. 1207:

> "New Rule 19 shifts focus from the present indispensable-necessary-proper trichotomy. Its primary concern is the practical feasibility of joinder of par-

D. J. Lerma and Cunningham & Yznaga (Hector Yznaga), Brownsville, Tex., for plaintiff.

Cox, Wilson, Duncan & Clendenin (Tom Clendenin, Jr.), Brownsville, Tex., for defendant.

## MEMORANDUM AND ORDER

GARZA, District Judge.

The Court has before it Defendant's motion for an order to make an additional party plaintiff in this cause under Rule 19, Federal Rules of Civil Procedure.

Apparently this is a case of first impression, since no cases have been found passing on a motion of this kind.

The Plaintiff in this cause, Maria Guadalupe Davila Mendez, brought suit in her capacity as Administratrix of the Estate of Carlos Humberto Mendez for the wrongful death of the said Carlos Humberto Mendez.

Mendez at the time of his death was serving as Master of the shrimp trawler LOLESS MAURINE owned by the Defendant, Vatican Shrimp Co., Inc. One Esteban Robledo was also a crew member of the shrimp trawler LOLESS MAURINE on the same fateful voyage and allegedly also lost his life as a result of such voyage.

Notice of the motion to add a party plaintiff was given to the attorneys for Maria Guadalupe Davila Mendez, Administratrix of the Estate of Carlos Humberto Mendez, Deceased, the plaintiff bringing this suit, and also to Benjamin S. Hardy, who has informed the attorneys for the Defendant that he represents the heirs and legal representa-

ties; the legalisms of the old rule have been discarded."

Subsection (1) of Rule 19(a) points strongly to the desirability of joining all parties necessary for granting complete relief. The Advisory Committee's note to new Rule 19(a) states:

"The interests that are being furthered here are not only those of the parties [before the court], but also that of the public in avoiding repeated lawsuits on the same essential subject matter."

■ It was also intended to keep a party already before the court (in this case the Movant, Vatican Shrimp Co., Inc.) from incurring double, multiple or otherwise inconsistent obligations.

■ Feeling that the motion should be granted, it is ordered, adjudged and decreed that the personal representative of the Estate of Esteban Robledo be, and he is hereby ordered to join this lawsuit as a party plaintiff within ten (10) days, and that a copy of this Order be forwarded to the Honorable Benjamin S. Hardy, his attorney. If within ten (10) days he has not joined as a party plaintiff, then the Defendant will be allowed to summon him as an involuntary party plaintiff.