**Arthur B. RAMSEY et al., Plaintiffs,**

**v.**

**BOMIN TESTING, INC., a corporation, and Bob White, Defendants.**

**No. 73–559–D.**

United States District Court, W. D. Oklahoma, Civil Division.

June 30, 1975.

Clyde J. Watts, Oklahoma City, Okl., for plaintiffs.

David K. Petty, Guymon, Okl., for defendants.

### ORDER

DAUGHERTY, Chief Judge.

Plaintiffs, non-citizens of Oklahoma, allege they are owners of a part of an undivided working interest in an oil and gas lease located in Cimarron County, Oklahoma.[1] They further allege that during the year 1969–1970 Plaintiff Arthur B. Ramsey (Ramsey), a New Mexico citizen, contracted with Defendant Bomin Testing, Inc. (Bomin), a Kansas citizen, for the performance of services in connection with the drilling of an oil and gas well on said lease. After performance Bomin demanded payment in the amount of $9,615.70. Ramsey paid $7,447.52 leaving a balance due and owing. Bomin then filed an action in Cimarron County State District Court wherein it obtained a judgment for the deficiency plus an attorney's fee. Bomin then issued an execution and caused Defendant Bob D. White (White), Sheriff of Cimarron County, an Oklahoma citizen, to seize Plaintiffs' materials and equipment on the oil and gas lease. Bo-

min and/or White are alleged to have then removed, or caused to be removed from the lease various items of personal property or equipment allegedly worth $14,339.32.

Not all the owners of the undivided working interest in the above mentioned oil and gas lease are joined herein as Plaintiffs. Plaintiffs therefore seek a judgment in only the amount of $12,039.42, which amount they allege to represent their proportionate interest in the property or equipment taken from the lease. Previously all owners of the working interest in the lease were joined as Plaintiffs. However, subsequently White was joined as a party Defendant. White being an Oklahoma citizen, Plaintiffs were forced to drop as parties Plaintiff seven Oklahoma citizens who were part owners of the working interest. They were dropped without prejudice. These Oklahoma citizens were, according to Plaintiffs' present allegations, owners of some eleven sixty-fourths ($^{11}/_{64}$) interest in the working interest.

Defendant Bomin has filed herein a Motion to Dismiss for lack of jurisdiction. Bomin contends the Oklahoma citizens who were dropped as Plaintiffs are indispensable parties and that their joinder would create a lack of diversity of citizenship between all parties Plaintiff and Defendant. This being a diversity case, such a lack of diversity Defendant Bomin asserts would destroy this Court's jurisdiction. Defendant Bomin further contends that the requisite amount in controversy, $10,000.00 under 28 U.S.C. § 1332 is lacking. Defendant Bomin states Plaintiffs' claim is for $12,039.42; that Plaintiffs admit Bomin has a judgment against Ramsey in the amount of $2,168.12, plus interest and attorney's fee for a total of $3,527.55, that according to the allegations Plaintiff Ramsey has a 25% interest in any judgment obtained by Plaintiffs; 25% of

---

1. Plaintiff Bank of Santa Fe allegedly holds a mortgage and security interest on Plaintiff

Ramsey's interest in the subject working interest.

$12,039.42 is $3,009.85; and subtracting the amount of Bomin's set off from Plaintiffs' prayer, the jurisdictional amount is not present. Plaintiffs oppose Bomin's Motion.

Rule 19, Federal Rules of Civil Procedure, governs the first question presented herein. That is whether the co-owners of the undivided working interest in the subject oil and gas lease not now parties Plaintiff are indispensable parties in this case. The Court must first determine whether these co-owners are persons to be joined, if feasible, under Rule 19(a), Federal Rules of Civil Procedure. Rule 19(a), *supra*, reads in part as follows:

> "(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action." ·

With regard to clause (a)–(1) of Rule 19, *supra*, it is stated in 7 Federal Practice & Procedure, Wright and Miller, § 1604:

> "The first joinder standard, which is prescribed in Rule 19(a)(1), is de-
> signed to protect those who already are parties by requiring the presence of all persons who have an interest in the litigation so that any relief that may be awarded will effectively and completely adjudicate the dispute. In addition, it furthers the interest of the public in judicial economy by avoiding repeated lawsuits involving essentially the same subject matter."

The Advisory Committee's Note to Rule 19(a), *supra*, states that:

> "The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter."

Several cases indicate that under Rule 19(a)(1), *supra*, multiplicity of actions is a factor to be considered in determining whether a party is a person to be joined, if feasible. *Davila Mendez v. Vatican Shrimp Co.*, 43 F.R.D. 294 (S.D. Tex.1966); *Evergreen Park N. & C. Home, Inc. v. American Eq. Assur. Co.*, 417 F.2d 1113 (Seventh Cir. 1969).

■ Under the above cited comments and cases it appears that the Oklahoma co-owners of the undivided working interest in the subject oil and gas lease are persons to be joined, if feasible. Defendant Bomin and Defendant White have an interest in having all claims against them arising out of this transaction adjudicated at one trial. Also, there is the public interest in having each of these claims adjudicated at once so as to avoid the cost of multiple litigation. Moreover, it seems clear that under the wording of the Rule complete relief cannot be accorded among those already parties without their joinder. Plaintiffs can be accorded their complete relief. They seek and can be awarded judgment for their proportionate share of the value of the equipment or personal property allegedly wrongfully taken by Defendants. This is all they can recover as co-tenants. However, Defendants cannot be accorded complete relief as, if they are either found or not found to be liable to

the Plaintiffs, there will still be claims outstanding arising out of the same transaction.

As the Oklahoma co-owners are persons to be joined, if feasible, and as their joinder would deprive the Court of jurisdiction over the subject matter of this action, the Court must now determine whether the action should proceed among the parties before it, or should be dismissed, the absent persons thus being regarded as indispensable. Rule 19(b), Federal Rules of Civil Procedure, reads as follows:

"(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, *the absent person being thus regarded as indispensable.* The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." (italics added)

Rule 19(b), *supra,* does not state what weight is to be given to each of the four listed factors. The importance of each factor must be determined on the facts and circumstances of each case in light of equitable considerations. In making

this determination the operation of Rule 19(b), *supra,* depends to a large degree on the careful exercise of discretion by the district court. *Glenny v. American Metal Climax, Inc.,* 494 F.2d 651 (Tenth Cir. 1974); *Broussard v. Columbia Gulf Transmission Company,* 398 F.2d 885 (Fifth Cir. 1968).

■ In applying the four factors of Rule 19(b), *supra,* to this case it is clear that: (1) a judgment rendered in the absence of the Oklahoma co-owners might not be prejudicial to them, but it would be prejudicial to the Defendants as it would subject them to a risk of multiple litigation; (2) the Court could not lessen the prejudice to the Defendants by shaping its decree; (3) a judgment rendered in the absence of the Oklahoma co-owners would be adequate to the Plaintiffs as they only seek their pro-rata share; and (4) the Plaintiffs would have an adequate remedy in Oklahoma's Courts if this action were dismissed. The four factors listed in Rule 19(b), *supra,* are not exclusive, it simply identifies those factors which will be most significant in most cases. 7 Federal Practice and Procedure, Wright and Miller § 1608. Thus, the Court will consider the following relevant factors; a plaintiff has the traditional right to control his own litigation, *Schutten v. Shell Oil Company,* 421 F.2d 869 (Fifth Cir. 1970); and it appears that under Oklahoma law Plaintiffs would have the right as tenants in common in personalty to maintain their own separate actions for harm to the personalty in which they are co-tenants.[2]

Considering the aforementioned factors, it appears that the Court should, in the exercise of its discretion, dismiss Plaintiffs' action. The Defendants' in-

---

2. There does not appear to be an Oklahoma case directly on this point. However, in *Knox v. Freeman,* 182 Okl. 528, 78 P.2d 680 (1938) the Supreme Court of Oklahoma recognized the several interest of co-tenants in realty. Further, it is stated in 86 C.J.S.,

Tenancy in Common § 142: " . . . it has been held that, where there has been a conversion of personalty owned by several tenants in common, they may sue severally for its conversion, . . . "

terest in having all claims against them arising out of the same transaction litigated in one action, the public's interest in economy of litigation and the Plaintiffs' ability to obtain an adequate remedy in state court make the non-joined Oklahoma co-owners indispensable parties under Rule 19(b), *supra.* Plaintiffs' action should be dismissed without prejudice.