TROUTMAN v OLLIS

Docket No. 70356. Submitted December 8, 1983, at Lansing.—Decided May 1, 1984.

On August 5, 1980, Clyde R. and Mary Troutman and their sons Clyde J. Troutman and Keith Troutman were injured when the vehicle occupied by them was involved in an accident with a vehicle driven by Randall P. Ollis and owned by Arnold Weaver. At the time of the accident, Mary Troutman was pregnant. She subsequently, on September 26, 1980, gave birth to a son, Scott Troutman. Clyde R. and Mary Troutman, individually and as next friends of Clyde J. and Keith Troutman, commenced an action for damages arising out of the accident in Ingham Circuit Court against Ollis and Weaver and against Richard H. Deneff, Robert T. Schaftenaar and Bradley K. Miller, as joint venturers allegedly engaged in a joint venture with defendant Ollis. Scott Troutman was not made a party plaintiff to the action in the plaintiff's original complaint. Plaintiffs later moved to amend their complaint to add Scott as a permissive party plaintiff, alleging that Scott had sustained prenatal injuries as a result of that accident, but plaintiffs later voluntarily withdrew that motion because the full extent of Scott's damages could not be known at that time. Defendants Miller, Schaftenaar, and Deneff then moved to add Scott as a party plaintiff, claiming that Scott was a necessary party who must be joined in the action. The trial court, Carolyn Stell, J., over plaintiffs' objections, granted the motion to add Scott as a party plaintiff pursuant to the court rule relative to the necessary joinder of parties. Plaintiffs appeal on leave granted from the order adding Scott as a party. Held:

1. The Michigan necessary joinder rule requires joinder of any party whose interests in the subject matter of an action are such that the party's presence in the action is necessary to permit the court to render complete relief. Relief as used in

REFERENCES FOR POINTS IN HEADNOTES
[1] 59 Am Jur 2d, Parties §§ 11, 12, 96.
[2] 20 Am Jur 2d, Courts § 86.
[3-5] 59 Am Jur 2d, Parties §§ 105, 109, 111.
[4, 5] 59 Am Jur 2d, Parties §§ 93-96.

this rule means legal relief, and, in a tort action for damages, legal relief is the right to money damages. Where, as here, a person has a separate and distinct claim for damages, that person need not necessarily be joined as a party plaintiff with other persons whose claims for damages arose out of the same transaction or occurrence, since to hold that joinder is necessary under such circumstances would erase the distinction between necessary joinder and permissible joinder. Since Scott Troutman's claim for damages is distinct from the claims for damages by plaintiffs, complete relief can be granted with respect to plaintiffs' claims without Scott being joined as a plaintiff.

2. The fact that Scott's rights may be prejudiced by the failure to join his claim with those of plaintiffs does not give rise to a right of defendants to insist upon the joinder of his claim. Accordingly, the trial court erred in granting the motion to require that Scott Troutman be joined as a necessary party plaintiff.

Reversed and remanded.

1. PARTIES — NECESSARY PARTIES — PROPER PARTIES — ACTION.

Necessary parties to an action are those parties who must be joined or brought into the action so that there can be a complete adjudication of rights and interests; proper parties to an action, on the other hand, are those parties who may be joined or brought into the action but whose omission does not result in a nonjoinder or does not provide a basis for a motion to dismiss (GCR 1963, 205, 206).

2. TRIAL — COURT RULES — JUDICIAL CONSTRUCTION — FEDERAL COURT RULES.

The construction given to a federal court rule may be considered in determining the construction to be given to a corresponding Michigan court rule which is based on the same principles and objectives as the federal rule.

3. PARTIES — JOINDER — NECESSARY PARTIES — FEDERAL COURT RULES.

The federal court rule relating to the joinder of necessary parties does not generally necessitate the joinder of plaintiffs advancing tort claims against the same defendant for injuries arising out of the same transaction or occurrence, even where the potential co-plaintiffs are related by blood or marriage, where each plaintiff has a separate independent cause of action (FR Civ P 19).

4. PARTIES — JOINDER — RELIEF — COMPLETE RELIEF — NECESSARY JOINDER — PERMISSIVE JOINDER.

> The term "relief" as used in the Michigan court rule relative to necessary joinder of parties refers to legal relief, which in a tort action for damages for injuries is money damages; a defendant is not denied complete relief within meaning of the Michigan court rule relative to necessary joinder by reason of the fact that the failure to join as a party-plaintiff in a tort action for damages a person whose injuries arose out of the same transaction or occurrence but whose claim is separate and independent from the claims of the plaintiffs already in the action will result in adjudication of less than all the claims arising out of the transaction or occurrence, since to construe the necessary joinder rule to require that all persons having separate and independent claims arising out of the same transation and occurrence be joined in a single action would erase the distinction between permissible joinder and necessary joinder (GCR 1963, 205, 206).

5. PARTIES — JOINDER — NECESSARY PARTIES.

> The fact that a person who has a separate and distinct claim for damages may be prejudiced by the failure to join in a single action his or her claim with the claims of other persons who have claims arising out of the same transaction or occurrence does not make that person a necessary party within the meaning of the court rule relative to necessary joinder of parties (GCR 1963, 205).

*Bushnell, Gage, Doctoroff & Reizen* (by *Noel A. Gage* and *Kathleen Nesi*), for plaintiffs.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C.* (by *James F. Graves* and *Frederick M. Baker, Jr.*), for defendants Miller and Schaftenaar.

*Fraser, Trebilcock, Davis & Foster* (by *Brett J. Bean*), for defendant Deneff.

Before: M. J. KELLY, P.J., and CYNAR and J. C. KINGSLEY,* JJ.

J. C. KINGSLEY, J. Plaintiffs appeal by leave

---

* Circuit judge, sitting on the Court of Appeals by assignment.

granted from an order granting defendants' motion to add Scott Troutman, the minor son of plaintiffs Clyde R. and Mary Troutman, as a necessary party plaintiff.

This action arises out of a motor vehicle accident that occurred on August 5, 1980, in which plaintiffs were injured. At the time of the accident, Mary Troutman was pregnant with, and on September 26, 1980, gave birth to, Scott. Plaintiffs sued defendant Weaver as the owner of the other vehicle involved in the accident, defendant Ollis as driver of that vehicle and defendants Deneff, Miller, and Schaftenaar as joint venturers allegedly engaged in a joint enterprise with defendant Ollis.

Scott was not a party to the action in plaintiffs' original complaint. Plaintiffs later moved to amend their complaint to add Scott as a permissive party plaintiff pursuant to the provisions of GCR 1963, 206.[1] Plaintiffs alleged Scott sustained prenatal injuries resulting in encephalopathy with bilateral upper motor neuron disfunction (hypotonic cerebral palsy) and development disfunction. Plaintiffs voluntarily withdrew this motion, claiming that, because Scott was still an infant, the full extent of his damages caused by the injuries, including any future complications, could not be fully known at that time. Defendants Miller, Schaftenaar, and Deneff (hereinafter defendants) then moved to add Scott as a plaintiff, claiming that he was a necessary party to the action pursu-

---

[1] ".1 Permissive Joinder. All persons may join in 1 action as plaintiffs

"(1) if they assert any right to relief jointly, severally or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action; or

"(2) if it appears that their presence in the action will promote the convenient administration of justice."

ant to GCR 1963, 205.[2] This motion was granted by the trial judge and is challenged on appeal.

Plaintiffs claim that, while he is a proper permissive party plaintiff, Scott is not a necessary party required to be joined as a plaintiff under GCR 1963, 205. That rule requires joinder as parties of all persons "having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief". GCR 1963, 205.1. An important distinction must be noted between a "necessary" party and a "proper" party as those terms relate to rules for necessary and permissive joinder.

"The designations 'necessary' and 'proper' parties

---

[2] ".1 Necessary Joinder. Subject to the provisions of Rule 208 and of sub-rule 205.2, persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief shall be made parties and be joined as plaintiffs or defendants and aligned in accordance with their respective interests.

".2 Effect of Failure to Join. When persons described in sub-rule 205.1 have not been made parties and are subject to the jurisdiction of the court, the court shall order them summoned to appear in the action, and may prescribe the time and order of pleading. If jurisdiction over such persons can be acquired only by their consent or voluntary appearance, the court may proceed with the action and grant such appropriate relief to persons who are parties as will prevent a failure of justice. In determining whether to proceed, the court shall consider:

"(1) whether a valid judgment may be rendered in favor of the plaintiff in the absence of the person not joined;

"(2) whether the plaintiff has any other effective remedy should the action be dismissed because of the nonjoinder;

"(3) the prejudice which may result from the nonjoinder to the defendant or to the person not joined;

"(4) whether such prejudice, if any, may be avoided or lessened by a protective order of the court or provision included in its final judgment.

"Notwithstanding the failure to join any person who should have been joined, the court may render a judgment against the plaintiff whenever it is determined that the plaintiff is entitled to no relief as a matter of substantive law."

connote their ordinary meaning. All 'necessary' parties must be joined or brought in so that there can be a complete adjudication of rights and interests. 'Proper' parties, on the other hand, may be joined or brought in, but their omission does not result in a nonjoinder or give ground for motion to dismiss. As to them, plaintiff has an election to join them or leave them out as he sees fit." 1 Callaghan's Michigan Pleading & Practice (2d ed), § 15.36, p 505.

The Michigan court rule concerning necessary joinder has seldom been construed in the context of the issue presented in this appeal. The federal rule which governs the joinder of necessary parties, FR Civ P 19, is based upon the same principles and objectives that led to the formulation of GCR 1963, 205. Construction of this federal rule is therefore helpful to an understanding of the application of the Michigan rule in this case. See 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed, 1983 Supp), p 299.

FR Civ P 19 does not generally necessitate the joinder of plaintiffs advancing tort claims against the same defendant for injuries arising out of the same transaction or occurrence, even where the potential co-plaintiffs are related by blood or marriage, provided that each plaintiff has a separate, independent cause of action. *Cortez v Los Angeles County,* 96 FRD 427, 428 (CD Cal, 1983); see also 7 Wright & Miller, Federal Practice and Procedure, § 1623, p 245.

In the case of *Field v Volkswagenwerk AG,* 626 F2d 293 (CA 3, 1980), multiple plaintiffs asserted rights against the defendant arising out of the same occurrence and presented common questions of law and fact. The trial court denied a motion to dismiss one of the plaintiffs in her individual capacity, emphasizing that her continued presence

in the action individually as well as in her representative capacity minimized delay and expense and avoided the risks to the defendant inherent in having to litigate the same basic questions in two forums against different parties. The appellate court reversed that decision and emphasized the distinction between necessary and permissive joinder requirements:

"The right to separate and individual relief asserted against VWAG by Ivana in her individual capacity, however, even though it arises out of the same occurrence, exists quite apart from the claims asserted by Michael Field and Arthur Field's estate and, if upheld, would impose upon VWAG an obligation separate and distinct from its obligations to the other parties. Complete relief under Rule 19(a)(1) 'refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought, and mere theoretical considerations of disposing of the whole controversy should not be employed' to dismiss an action 'where it appears unlikely that absent persons could be adversely affected.' Indeed, to dismiss the action on the ground that Ivana is indispensable would appear 'to deny a principal aspect of several liability.'

\* \* \*

"If the right of either Michael Field or Arthur Field's estate to relief against VWAG were established, these parties would be awarded a judgment; if their claims are not sustained, their complaint would be dismissed. In either event, the district court will be able to grant complete relief as between the parties without the joinder of Ivana, and, as we have shown above, it is unnecessary to join Ivana as a party in order to enable VWAG to defend against these claims. VWAG, while it may be entitled to contribution or indemnity from Ivana, cannot be subjected to multiple obligations since its liability, if any, will be serveral. Nor, as Professor Moore has emphasized, does the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic, trigger the applica-

tion of Rule 19. For when, as alleged here, 'several persons are injured by the same tort and proof of damage is individual, the fact that want of estoppel may leave a defendant who has defended successfully against one of the injured parties with the risk that he will be liable to another in a subsequent suit does not make it necessary that all of the punitive plaintiffs to be joined in the same suit, even if * * * there is no jurisdictional inhibition to their joinder." *Field, supra,* pp 301-302 (footnotes omitted).

Defendants claim they cannot obtain complete relief in the present action without the inclusion of Scott's claim. They also allege that plaintiffs, by withdrawing their motion for permissive joinder while pursuing settlement negotiations on Scott's behalf, seek to settle Scott's claims while at the same time avoiding any discovery with respect to them. Defendants further claim the factors relied on by the trial court, to-wit: judicial economy, avoiding circuity of litigation, promoting full adjudication of all claims with a minimum of effort, allowing defendants to avoid multiple litigation of separate claims arising out of the same transaction and the best interests of Scott himself, compel the joinder of Scott as a plaintiff.

We believe that the term "relief" is used in the Michigan court rule on necessary joinder to denote legal relief only. In this case, the legal relief is the right to money damages. To hold otherwise would require that all claims against a defendant arising out of the same transaction or occurrence be brought in the same action, regardless of the fact that each plaintiff may have a separate and distinct claim for damages. The adoption of such a rule would erase the distinction between necessary joinder and permissive joinder. We conclude that an injured person with a distinctly recognized claim for damages is not in every instance a

necessary party plaintiff under GCR 1963, 205 in an action brought by another person or other persons injured in the same occurrence by the same tortfeasor.

Defendants also argue that the rights of Scott will be prejudiced if plaintiffs' action proceeds in his absence. This prejudice will stem from the possibility that, although Scott can assess his damages more accurately in the future, plaintiffs in the present action will have exhausted the insurance proceeds that constitute the only assured source of recovery for his damages.

We share with the trial judge a concern that failure to bring suit at this time on Scott's behalf may ultimately prejudice any efforts by Scott to recover for such damages as he may have suffered in the accident. We believe, however, that the necessary joinder provisions cannot be expanded to cover the present situation. As noted above, that rule necessitates joinder of such persons whose presence "is essential to permit the court to render complete relief". This requirement is not met in a case in which the only relief sought is a money judgment. The proof of his damages is individual to Scott; the liability of the defendants is several to the plaintiffs. While many of defendants' arguments concerning the desirability of joinder in this case have merit, none bring the case within the scope of the necessary joinder rule. It is clear that, while Scott may be permitted to join the action as a plaintiff, he should not be compelled to join the action as a necessary party plaintiff.

We do not address plaintiffs' claim that the rules concerning joinder conflict with the minority saving provisions of MCL 600.5851; MSA 27A.5851. We note, however, that there is persuasive merit to the trial judge's conclusion that no such conflict exists.

We do not reach plaintiffs' second claim on appeal regarding adjournment of the trial date and expanded discovery on the part of the defendants. Resolution of that claim appears necessary only if the order joining Scott as a party plaintiff had been upheld.

Reversed and remanded.