2005 WY 51

**Patricia GROVE and Krista Grove, Petitioners,**

**v.**

**Randle PFISTER, Respondent.**

**No. 04–121.**

Supreme Court of Wyoming.

April 20, 2005.

Representing Petitioners: Jessica Rutzick of Jackson, Wyoming.

Representing Respondent: Timothy J. Bommer of Jackson, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and STEBNER, D.J., Retired.

HILL, Chief Justice.

[¶ 1]   Patricia Grove (Grove) and her minor daughter, Krista, filed suit against Randle Pfister (Pfister) alleging that his negligent operation of a motor vehicle resulted in a collision with their vehicle causing them injury.   Upon motion by Pfister, the district court ordered joinder of a passenger in Grove's vehicle as an indispensable party under W.R.C.P. 19.   The order provided that failure to join would result in the dismissal of the action.   We granted Grove's Petition for a Writ of Review and reverse the district court's order, and remand for further proceedings.

## ISSUES

[¶ 2]   Grove sets out five issues in her brief:

1.   In a personal injury suit arising from a motor vehicle collision, is a front-seat passenger, whose actions did not cause or contribute to the accident in any way, an indispensable party under W.R.C.P. 19(a)?

2.   Does the district court have jurisdiction over a front-seat passenger, whose actions did not cause or contribute in any way to the motor vehicle collision giving rise to the lawsuit?

3.   In a personal injury suit arising from a motor vehicle collision, is a front-seat passenger, whose actions did not cause or contribute to the accident in any way, an indispensable party whose failure to be joined in the lawsuit justifies

dismissal of the suit under W.R.C.P. 19(b)?

4. Did Respondent waive his right to move to join the front-seat passenger of Plaintiff's vehicle by failing to timely raise the issue?

5. If the Wyoming Supreme Court finds that a front-seat passenger, whose actions did not cause or contribute to the accident in any way, is nevertheless an indispensable party under W.R.C.P. 19, what is the proper process for service, pleading and practice to join an involuntary plaintiff under these circumstances?

Pfister replies with six issues:

1. Whether review by the Wyoming Supreme Court, pursuant to Rule 13.02 W.R.A.P., of the District Court's order concerning a Rule 19 W.R.C.P. motion for joinder is appropriate.

2. Whether the District Court abused its discretion when it held that Deborah Broberg was a party that must be joined in this action pursuant to Rule 19(a) W.R.C.P.

3. Whether the District Court abused it [sic] discretion when it ordered that the [Groves'] action would be dismissed if the [they] failed to join Ms. Broberg in this action by June 8, 2004.

4. Whether [Pfister] waived his right to move to have Ms. Broberg joined in this action pursuant to Rule 19 W.R.C.P. when his motion for joinder came after the confirmation under oath of relevant facts in discovery.

5. Whether the District Court erred in the manner in which it ordered [the Groves] to join Ms. Broberg in this action.

6. Whether there is an alternative form of relief that supports the District Court's holding.

## FACTS

[¶ 3] In a complaint filed on July 28, 2003, Grove stated that she was driving northbound on State Highway 191 on December 7, 2001. Her daughter was in the back seat, and a friend, Deborah Broberg (Broberg), was in the front passenger seat. At the time, the highway was slick with ice and snow. Grove alleged that when she slowed down for a snowplow, Pfister negligently drove his vehicle into the rear of hers causing injury to Grove and her daughter. Pfister filed an answer denying the allegation of negligence. On March 22, 2004, Pfister filed a motion seeking joinder of Broberg as a party pursuant to W.R.C.P. 19. Broberg had submitted a claim to Pfister's insurance company but had not filed any legal action against him. After a hearing, the district court granted Pfister's motion, finding that, "Broberg is a person whose presence is needed for a just adjudication as provided by Rule 19(a) of the Wyoming Rules of Civil Procedure and that her joinder will not deprive this Court of jurisdiction[.]" Grove petitioned this Court for a writ of review, which we have granted.

## STANDARD OF REVIEW

[¶ 4] District court rulings on joinder are reviewed for an abuse of discretion. *Rivermeadows, Inc. v. Zwaanshoek Holding and Financiering, B.V.,* 761 P.2d 662, 668–70 (Wyo.1988); *England v. Simmons,* 728 P.2d 1137, 1139–40 (Wyo.1986).

[T]he core of our inquiry must reach "the question of reasonableness of the choice made by the trial court." *Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Id.* (quoting *Byerly v. Madsen,* 41 Wash.App. 495, 704 P.2d 1236, 1238 (Wash.App.1985)); *Basolo v. Basolo,* 907 P.2d 348, 353 (Wyo. 1995). We must ask ourselves whether the district court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious.

*Woods v. Wells Fargo Bank Wyoming,* 2004 WY 61, ¶ 20, 90 P.3d 724, ¶ 20 (Wyo.2004) (quoting *Gore v. Sherard,* 2002 WY 114, ¶ 20, 50 P.3d 705, ¶ 20 (Wyo.2002)).

## DISCUSSION

[¶ 5] Preliminarily, we address a claim by Pfister that the district court's ruling on joinder is not the proper subject for appellate examination pursuant to a writ of a review. Pfister asserts that W.R.A.P. 13.02 [1] allows for interlocutory review of a lower court ruling only when the dispute concerns a question of law. Pfister characterizes the district court's joinder ruling as "a factually based decision made in the discretion of the District Court." Since there is no disagreement over the applicable rule of law, Pfister argues that the dispute must be over the factual findings of the court and, hence, not the proper subject of appellate review under Rule 13.02.

[¶ 6] Historically, we have invoked our discretionary powers to issue a writ of review when a case involves an important state question or is of sufficient public significance to justify interlocutory review by this Court. *In re Big Horn River System,* 803 P.2d 61, 67 (Wyo.1990). While we do not grant a writ lightly, especially if an adequate alternative remedy is available, we will do so without hesitation when the timely resolution of a matter is of extreme and lasting importance to the citizens of Wyoming and may contribute to judicial efficiency. *Id.* This case raises an issue that has not been addressed by this Court. The petitioners were faced with the choice of having their lawsuit dismissed or proceeding to trial joined with a co-plaintiff against their will. That the decision was within the discretion of the district court is not a bar to our review under a writ. We have said that a writ of review is a proper means for correcting an abuse of district court discretion. *V–1 Oil Company v. Ranck,* 767 P.2d 612, 616 (Wyo.1989). An abuse of discretion can exist if the wrong law has been applied, the correct law has been applied but incorrectly interpreted, or if the correct law has been improperly applied. This matter is properly before us for review.

[¶ 7] Rule 19 of the Wyoming Rules of Civil Procedure governs joinder of persons needed for a just adjudication. The analysis under Rule 19 first requires a determination if the person to be joined meets the criteria set forth in subsection (a):

(a) *Persons to be joined if feasible*—A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties; or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

If the person meets those criteria, he or she is then considered a "person to be joined if feasible." *Lamb v. Wyoming Game and Fish Commission,* 985 P.2d 433, 439 (Wyo. 1999). If joinder is not feasible, the court then must examine the considerations set forth in subsection (b) to determine whether "in equity and good conscience" the action should proceed:

(b) *Determination by court whenever joinder not feasible*—If a person as described in subdivisions (a)(1) and (a)(2) hereof cannot be made a party, the court shall deter-

---

1. **13.02 When interlocutory review may be granted.**

A writ of review may be granted by the reviewing court to review an interlocutory order of a trial court in a civil or criminal action, or from an interlocutory order of an administrative agen-

cy, which is not otherwise appealable under these rules, but which involves a controlling question of law as to which there are substantial bases for difference of opinion and in which an immediate appeal from the order may materially advance resolution of the litigation.

mine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include:

   (1) To what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;

   (2) The extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;

   (3) Whether a judgment rendered in the person's absence will be adequate;

   (4) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

W.R.C.P. 19(b). If the court concludes that "in equity and good conscience" the action cannot proceed without the person in question, that person is considered indispensable and must be joined, or dismissal will result. *Id.; Albrecht v. Zwaanshoek Holding En Financiering, B.V.,* 762 P.2d 1174, 1178 (Wyo.1988); *Reilly v. Reilly,* 671 P.2d 330, 332 (Wyo.1983).

[¶ 8] The question before us is whether a non-party with a tort cause of action for injuries arising out of the same incident that is the subject of a negligence action must be joined thereto under the criteria of Rule 19(a). Grove argues that each person possesses a separate and distinct cause of action that does not trigger any of the criteria for joinder. Grove insists that Broberg's absence would have no effect on her own ability to receive relief on her claim or Broberg's ability to protect her interests. Furthermore, Grove declares that Pfister would not be subjected to multiple or inconsistent obligations since her claims and those of Broberg are independent of one another, as each is predicated on a claim of personal injury that is unrelated to the other's claim. Pfister counters by declaring that the question is largely one of fact and that we should defer to the district court's exercise of its discretion.

[¶ 9] Since the Wyoming Rules of Civil Procedure are patterned after their federal counterparts, we have found federal court interpretations of their rules highly persuasive for interpretations of our corresponding rules. *Peters v. West Park Hospital,* 2003 WY 117, ¶ 10, 76 P.3d 821, ¶ 10 (Wyo.2003); *Caldwell v. Cummings,* 2001 WY 106, ¶ 10, 33 P.3d 1138, ¶ 10 (Wyo.2001). We begin our review then by quoting extensively from a Maryland court's review of the applicable federal law:

   The purpose of the Fed.R.Civ.P. 19 is "to bring before the court all persons whose joinder would be desirable for a just adjudication of the action." 7 Charles A. Wright [Arthur R. Miller & Mary Kay Kane] et al., *Federal Practice and Procedure* § 1604, at 36 (2d ed.1986). Professors Wright, Miller and Kane state:

   "There is no precise formula for determining whether a particular nonparty must be joined under Rule 19(a). The decision has to be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them. Account must also be taken of whether other alternatives are available to the litigants. By its very nature, Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases, although certain general patterns are apparent in the decisions."

7 Wright, et al., *supra,* § 1604, at 40.

   With regard to tort actions involving multiple plaintiffs who are severally entitled to relief against a tortfeasor, it has been stated:

   "When several tort actions instituted by different persons arise out of the same incident, the complaining parties need not be joined in the suits brought by the others. For instance, in an action by a husband for personal injuries, his wife's joinder may not be essential if her claim for loss of consortium is wholly indepen-

dent under state law and she is free to assert it in a separate action."

7 Wright, et al., *supra*, § 1623, at 349–50. Professor Moore similarly states in this regard:

"The possibility of adjudications that are inconsistent merely as a matter of logic does not trigger the application of Rule 19(a). . . . Thus when several persons are injured by the same tort and proof of damage is individual, the fact that want of an estoppel may leave a defendant who has defended successfully against one of the injured parties with the risk that he will be liable to another in a subsequent suit does not make it necessary that all the putative plaintiffs be joined in the same suit. . . ."

3A James W. Moore & Jo D. Lucas, *Moore's Federal Practice* para. 19.07–1[2.–2], at 19–123–24 (1993).

In line with the commentators, federal decisions generally manifest a pattern of not requiring joinder of parties who possess separate and distinct causes of action arising out of a single tortuous incident. *See Lewis v. Holden*, 821 F.2d 291 (5th Cir.1987) (Under Mississippi law, parents and minor possess separate causes of action for negligent injury to minor and minor need not be joined in parent's action by Fed.R.Civ.P. 19(a)); *Bakia v. County of Los Angeles*, 687 F.2d 299 (9th Cir.1982) (It is a misapplication of Fed.R.Civ.P. 19(a) to add parties who are neither necessary nor indispensable, who are not essential for just adjudication and who have a separate cause of action entirely); *Field v. Volkswagenwerk AG*, 626 F.2d 293 (3d Cir. 1980) (wife, whose cause of action for loss of consortium was separate and distinct from decedent spouse's claim, not required to be joined under Fed.R.Civ.P. 19(a)); *Pan American World Airways, Inc. v. United States Dist. Ct.*, 523 F.2d 1073 (9th Cir.1975) (airplane crash victims' next of kin, who may be potential plaintiffs, are not required to be joined in suit with other crash victims); *Sove v. Smith*, 311 F.2d 5 (6th Cir.1962) (wife, whose cause of action for loss of consortium was separate and distinct from husband's own claim, not re-

quired to be joined under Fed.R.Civ.P. 19); *Cortez v. County of Los Angeles*, 96 F.R.D. 427 (C.D.Cal.1983) (minor not required to be joined in parents' suit seeking recovery for emotional distress as a result of defendant's negligent medical treatment of minor); *Wright v. Schebler Co.*, 37 F.R.D. 319 (S.D.Iowa 1965) (wife, whose cause of action for loss of consortium is a separate and distinct from husband's own claim, not required to be joined under Fed.R.Civ.P. 19(a)). *But see Aguilar v. County of Los Angeles*, 751 F.2d 1089 (9th Cir.), *cert. denied*, 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985) (where under California state law collateral estoppel may preclude minor from relitigating issue of negligence if his parents were unsuccessful in a federal diversity action, minor required to be joined in his parent's action for recovery of pre-majority medical expenses); *Lopez v. Martin Luther King, Jr. Hosp.*, 97 F.R.D. 24 (C.D.Cal.1983) (same).

State courts addressing this issue likewise have not required joinder of the child's claim for personal injuries and the parent's claim for medical expenses. *Troutman v. Ollis*, 134 Mich.App. 332, 351 N.W.2d 301 (1984); *Independent School Dist. I–29 v. Crawford*, 688 P.2d 1291 (Okla.1984); *Glover v. Narick*, 184 W.Va. 381, 400 S.E.2d 816 (1990).

Indeed, as the United States Court of Appeals for the Third Circuit recognized in circumstances similar to the case *sub judice*, requiring joinder of separate causes of action arising out of a single tortious incident would render meaningless the distinction between permissive and compulsory joinder. *Field, supra*, 626 F.2d at 301. In *Field, supra*, the court determined that a wife's separate and distinct cause of action for loss of consortium was not required to be joined in the same action brought by her deceased husband's estate and her son against the tortfeasor. The Court of Appeals for the Third Circuit explained in relevant part:

"The right to separate and individual relief asserted against VWAG by [the wife] in her individual capacity, however, even though it arises out of the same occurrence, exists quite apart from the

claims asserted by [her son and her husband's] estate and, if upheld, would impose upon VWAG an obligation separate and distinct from its obligations to the other parties. Complete relief under Rule 19(a)(1) 'refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought, and mere theoretical considerations of disposing of the whole controversy should not be employed' to dismiss an action 'where it appears unlikely that absent persons could be adversely affected.' Indeed, to dismiss the action on the ground that [the wife] is indispensable would appear 'to deny a principal aspect of several liability.' "

626 F.2d at 301 (footnotes omitted).

Although we have stated that one of the purposes of compulsory joinder is "to prevent 'multiplicity of litigation by assuring a determination of the entire controversy in a single proceeding,' " *Mahan v. Mahan*, [320 Md. 262, 272, 577 A.2d 70, 75 (1990)] (*quoting Bender v. Secretary, Dep't of Personnel*, 290 Md. 345, 351, 430 A.2d 66, 69–70 (1981)), we agree with the commentators and other courts that have addressed this issue and hold that under [Maryland's equivalent of federal rule 19] the parents' claim for medical expenses arising because of a tortious injury to their minor child is not required to be joined in a single action with the minor's claim for personal injuries.

*Garay v. Overholtzer*, 332 Md. 339, 631 A.2d 429, 437–38 (1993). *See also Harris v. Illinois–California Express, Inc.*, 687 F.2d 1361, 1367 (10th Cir.1982) (In negligence action arising out of automobile accident, co-passengers' claims were not dependent on the other's presence as a party since their claims could be successfully advanced independently of each other.). Several more recent cases have reached the same result: *Le Blanc v. Cleveland*, 248 F.3d 95, 98–99 (2nd Cir.2001); *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir.1998); and *Rishell v. Jane Phillips Episcopal Memorial Medical Center*, 94 F.3d 1407, 1410–13 (10th Cir.1996). In *Delgado*, the First Circuit appellate panel vacated and remanded a district court order

dismissing the complaint of a rape victim's father against a shopping center and insurance company for failure to join the victim, who had filed an action in a state court, as a necessary party. The panel reasoned:

The primary question before us, then, is whether the district court correctly determined that [the daughter] is a necessary party under Fed.R.Civ.P. 19(a)(2)(ii). [Footnote omitted] As stated above, Fed. R.Civ.P. 19(a)(2)(ii) provides that an absentee may be deemed a necessary party if nonjoinder will "leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Although the plaintiff has the right to control his own litigation and to choose his own forum, Fed.R.Civ.P. 19(a)(2)(ii) balances these rights against the defendants' (and systemic) interests in avoiding judgments giving rise to "inconsistent obligations." See *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir.1970).

"Inconsistent obligations" are not, however, the same as inconsistent adjudications or results. See *Micheel v. Haralson*, 586 F.Supp. 169, 171 (E.D.Pa.1983); see also 4 James Wm. Moore et al., *Moore's Federal Practice* P 19.03 (3d ed.1997). Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. See 4 Moore's at P 19.03. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. See *National Union Fire Ins. Co. of Pittsburgh v. Massachusetts Mun. Wholesale Elec. Co.*, 117 F.R.D. 321, 322 (D.Mass.1987) (citing *Bedel v. Thompson*, 103 F.R.D. 78, 81 (S.D.Ohio 1984)); see also *Boone v. General Motors Acceptance Corp.*, 682 F.2d 552, 554 (5th Cir.1982) (the threat of inconsistent obligations, not multiple litigations, informs Fed.R.Civ.P. 19(a) considerations); *Field v. Volkswagenwerk AG*, 626 F.2d 293, 301 (3d. Cir.1980) (similar). Unlike a risk of inconsistent obligations, a risk that a defendant

who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident—i.e., a risk of inconsistent adjudications or results—does not necessitate joinder of all of the parties into one action pursuant to Fed.R.Civ.P. 19(a). See *Field,* 626 F.2d at 301. Moreover, where two suits arising from the same incident involve different causes of action, defendants are not faced with the potential for double liability because separate suits have different consequences and different measures of damages. See *In Re Torcise,* 116 F.3d 860, 866 (11th Cir.1997).

In this situation, defendants faced a federal action and a state action arising from the same incident. In reasoning that defendants could be facing "inconsistent obligations," the district court noted that defendants could be found liable to [the father] in federal court, but not liable to [the daughter] in state court, or vice versa. Although the court also looked to other factors in reaching its conclusion, it is this determination—which is really a determination that defendants faced the threat of inconsistent results—that grounded the court's ruling that [the daughter] was a necessary party to this lawsuit. Yet as we have explained, the mere possibility of inconsistent results in separate actions does not make the plaintiff in each action a necessary party to the other. And even if it did, the fact remains that [the daughter] and her father have separate causes of action based on different theories of recovery. We therefore cannot sustain the court's ruling that [the daughter] is a party both necessary and indispensable to this lawsuit.

*Delgado,* 139 F.3d at 2–3.

[¶ 10] The only direct authority cited by Pfister in support of his argument for the district court's ruling is *Mendez v. Vatican Shrimp Company,* 43 F.R.D. 294 (S.D.Texas 1966). There, two crewmen on one of the defendant's shrimp boats died at sea. The administratrix of the estate of one of the crewmen filed suit against the defendant, who moved to join the estate of the other crewman as a party under federal Rule 19.

The court ordered joinder on the basis that the rule "contemplates the joinder of parties to avoid a multiplicity of suits." *Id.* at 295–96; *see also Ramsey v. Bomin Testing, Inc.,* 68 F.R.D. 335, 337 (W.D.Okla.1975). We cannot agree with that court's reasoning. As the *Delgado* court noted above, Rule 19 does not concern itself with "multiplicity of suits." The Wyoming version of the Rule says:

(a) *Persons to be joined if feasible*—A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if: ... (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: ... (ii) leave any of the persons already parties subject to **a substantial risk of incurring** double, **multiple,** or otherwise inconsistent **obligations by reason of the claimed interest.** [Emphasis added.]

Plainly, the Rule is referring to obligations-not results. *See Boone v. General Motors Acceptance Corporation,* 682 F.2d 552, at 554 (5th Cir.1982). For the reasons enunciated by *Garay* and *Delgado* and the cases cited therein, we decline to adopt the view espoused by the *Mendez* court.

[¶ 11] Applying the reasoning of the above quoted cases, we conclude that the district court erred in requiring joinder. Grove and Broberg possess separate and distinct causes of action that are independent of one another. Broberg's absence from this litigation will not prevent complete relief from being accorded to Grove on her complaint. Likewise, disposition in Broberg's absence will not in any way impair or impede her ability to protect any claim she may have against Pfister. The only consequence of not joining Broberg is the possibility that Pfister may face inconsistent adjudications. Joinder is, however, appropriate under Rule 19 when a party faces inconsistent obligations. As the *Delgado* decision quoted above stresses, the two concepts are not the same thing. The mere possibility of inconsistent adjudications is not sufficient of itself to render a party necessary under Rule 19. *Delgado,*

139 F.3d at 3. The fact is that Grove and Broberg possess claims that are not dependent upon the other, and each could successfully advance their respective claims independently. Accordingly, we cannot sustain the district court's ruling that Broberg was a necessary and indispensable party to Grove's suit.

[¶ 12] In a final effort, Pfister urges us to affirm the district court's order under W.R.C.P. 20.[2] That Rule is concerned with permissive joinder and "joinder in situations falling within the rule's standard is not required unless it is within the scope of compulsory joinder prescribed by Rule 19." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652, at 395–96 (2001). We need not consider Pfister's argument any further.

## CONCLUSION

[¶ 13] Grove and Broberg possessed separate and independent causes of action. The district court erred when it found Broberg to be a necessary and indispensable party and required joinder. We reverse and remand to the district court so that Grove may proceed with her claim.

---

2. **Rule 20. Permissive joinder of parties.**

*(a) Permissive joinder.*—All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the ac-

tion. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

*(b) Separate trials.*—The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or make other orders to prevent delay or prejudice.