**James M. BOONE, Plaintiff-Appellant,**

v.

**GENERAL MOTORS ACCEPTANCE
CORPORATION, et al.,
Defendants-Appellees.**

No. 81–3745

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1982.

Boone & Associates, James M. Boone,
Folsom, La., pro se.

Breazeale, Sachse & Wisdom, Henry D.
Salassi, Jr., Adcock, Dupree & Shows, E.
Wade Shows, Baton Rouge, for defendants-
appellees.

Before BROWN, POLITZ and WIL-
LIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

James Boone purchased a diesel Cadillac
from a dealer in Baton Rouge, Louisiana.
After the car suffered several engine prob-
lems, Boone brought this diversity jurisdic-
tion suit against General Motors Corp.
(GM), the manufacturer of the car and Gen-
eral Motors Acceptance Corp. (GMAC), the
finance company involved in the sale of the
automobile. Boone's "Petition for Damages
and/or Breach of Contract" alleges "design
defect and internal vices" of the 1979 Eldo-
rado Diesel Cadillac, rendering the vehicle
unfit for its intended purpose. Boone did
not sue the local dealer, Duplessis Cadillac,
Inc. GMAC filed a counterclaim against
Boone on the installment contract executed
at the time of the sale. It also moved to
dismiss for Boone's failure to join Duplessis
Cadillac, allegedly an indispensable party
under F.R.Civ.P. 19, but whose joinder
would destroy the District Court's diversity
jurisdiction.

Pursuant to 28 U.S.C. § 636(c), by con-
sent this matter was referred to a magis-
trate who determined that complete relief
was possible only by joining Duplessis Cad-
illac since Boone could still bring an act in
redhibition in state court against the dealer
or, if the manufacturer were found liable,
GM could then sue the dealer in state court
alleging fault in repair and/or maintenance.
The magistrate determined that "to avoid
repeated lawsuits and possibly inconsistent
obligations, and to afford complete relief to
all interested persons," Duplessis should be
joined. Since joinder would destroy diversi-

ty jurisdiction, the magistrate, after listing the four factors in F.R.Civ.P. 19(b), determined that multiple litigation and possibly inconsistent obligations would be avoided in the conveniently available state forum and, therefore, dismissed the suit with prejudice. We disagree and reverse and remand.

■ The sole issue before us is whether Duplessis Cadillac, the car dealer, is an indispensable party to the litigation. Federal law governs the compulsory joinder of parties in a diversity case. *Provident Trademens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). F.R.Civ.P. 19 [1] provides the criteria to determine whether a party is indispensable in a particular action. The first part of the rule, part (a), enumerates specific considerations in deciding if joinder is necessary. The second part of the rule, part (b), adopts an "equity and good conscience" test to decide whether or not dismissal is required when the party who should be joined cannot be made a party. If the court determines that dismissal is necessary, the party who cannot be joined is referred to as an indispensable party.

■ In this case, the magistrate, in applying the factors listed in F.R.Civ.P. 19(a), ascertained that complete relief was not possible without the inclusion of the dealer. We disagree. While Boone styled his complaint a "petition for damages and/or breach of contract", the thrust of his claim is concerned with design defects and "internal vices". He has not alleged that the dealer failed to repair or maintain the vehicle properly. In fact, in his brief, Boone states that there was an agreement among the parties not to bring in the dealer in any capacity other than as a witness since Boone's claim is based on a defective product, not defective maintenance. Although GMAC argues that failure to join the dealer results in incomplete relief for all interested parties, it fails to add any information other than that specifically mentioned by the magistrate. First, GM and GMAC could protect their interests by joining the dealer as a third party should they care to do so, an action which would not destroy diversity jurisdiction. Second, if the cause of the defective engine is faulty maintenance, Boone would lose on the merits and GM and GMAC would receive judgment in their favor. Finally, the basis of Boone's claim is design defects which, under Louisiana law, are presumed to be known to the manufacturer. In a claim against the dealer, on the other hand, one must prove that the defects were known to the dealer. The dealer, under Louisiana law, La.Civ. Code Ann. Art. 2503 (West Supp. 1982),

---

1. F.R.Civ.P. 19 provides:

**Rule 19. Joinder of Persons Needed for Just Adjudication.**

(a) PERSONS TO BE JOINED IF FEASIBLE. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party ob-

jects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(b) DETERMINATION BY COURT WHENEVER JOINDER NOT FEASIBLE. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among *the parties before it, or should be dismissed,* the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

even if found liable in state court for redhibitory defects, has a cause of action against the manufacturer. Thus, we find no need for the dealer to be a party to this action, either to protect the rights of the manufacturer or of the dealer itself. While multiple litigation might result, we see little possibility of inconsistent obligations, based on Boone's claims and on Louisiana law.

Even if we were to find that Duplessis Cadillac should be joined in the action, we would not find the dealer an indispensable party so as to require dismissal. Under the factors indicated in F.R.Civ.P. 19(b), as mentioned above, we find no prejudice to the right of Duplessis Cadillac or GM and GMAC. A judgment rendered in the absence of the dealer would be adequate, as illustrated by Boone's willing waiver of any claims against the dealer. The only factor of the four listed in Rule 19(b) which favors dismissal is that of whether the plaintiff has an adequate remedy if the Court grants dismissal. The magistrate placed decisive weight on this factor, indicating that Boone could receive a complete adjudication of his claims conveniently in the Louisiana state courts, thus avoiding multiple litigation. While it is conceivable that following this litigation in the federal court, a second suit could result, either by the manufacturer suing the dealer or Boone suing the dealer, neither of which appears highly likely, judicial economy and convenience do not in themselves provide grounds for dismissal. While we might prefer to see this essentially state cause of action in state court, Congress has not abolished diversity jurisdiction and thus judicial economy and convenience should not alone dictate dismissal. *See Dernick v. Bralorne Resources, Ltd.*, 639 F.2d 196, 199–200 (5th Cir. 1981).

Based on the pragmatic analysis required under Rule 19, we find that dismissal of this action was not proper and thus remand for consistent actions.

REVERSED AND REMANDED.