NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,

v.

MASSACHUSETTS MUNICIPAL WHOLESALE ELECTRIC COMPANY, Paterson–Leitch Company, Inc. and Hull Municipal Lighting Plant, Defendants.

Civ. A. No. 87–0937–S.

United States District Court, D. Massachusetts.

Oct. 2, 1987.

William A. Cotter, Jr., Rebecca J. Wilson, Parker, Coulter, Daley & White, Boston, Mass., *for plaintiff.*

Jeffrey M. Bernstein, Joyce S. Samet, Bernstein & Kanoff, Boston, Mass., Charles P. Lavelle, Begley, Ferriter, Lavelle & Welch, Holyoke, Mass., *for defendants.*

MEMORANDUM AND ORDER ON HULL MUNICIPAL LIGHTING PLANT'S MOTION TO BE DROPPED AS A PARTY

SKINNER, District Judge.

Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "National Union"), instituted this action for declaratory relief seeking to have an insurance contract between it and defendant Massachusetts Municipal Wholesale Electric Company (hereinafter "MMWEC") rescinded and declared null, void, and of no effect *ab initio.* The Hull Municipal Lighting Plant (hereinafter "HMLP") and the Paterson–Leitch Company, Inc. are also named as defendants. National Union asserts that both companies are "necessary parties" pursuant to Federal Rule of Civil Procedure 19(a) because each has a case currently pending against defendant MMWEC, and, if successful, will be able to submit a claim under the disputed policy. The action brought by HMLP is now pending before the American Arbitration Association.

The Hull Municipal Lighting Plant has moved to be dropped as a party to this action, pursuant to Fed.R.Civ.P. 21. Rule 21 gives the trial court discretion to drop or add parties at any stage of an action and upon such terms as are just. The court may not, however, drop a person who must be joined if feasible pursuant to Fed.R. Civ.P. 19(a). Conversely, the court must drop a party who has been misjoined pursuant to Fed.R.Civ.P. 20. *See* 3A Moore's Federal Practice ¶ 19.01–1 [5.–4] (1987). Because movant falls within Rule 19(a), its motion to be dropped as a party must be denied.

Fed.R.Civ.P. 19(a) reads, in relevant part, as follows:

... A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Plaintiff argues that HMLP has an interest relating to the subject of the action, namely, the proceeds of insurance under the National Union policy. Plaintiff further alleges that the outcome of this declaratory judgment will either impede HMLP's ability to protect its interest, or subject National Union to substantial risk of incurring inconsistent obligations if HMLP asserts an interest in the proceeds of the policy in a separate proceeding. The former possibility is not a concern, as claim (a)(2)(i) of Rule 19 is designed to protect the interests of a party not yet involved in an action, and HMLP, by requesting that it be dropped as a party, has indicated that it does not desire such protection.

As to the latter possibility, even if HMLP were dropped as a party, National Union would not be subject to a substantial risk of incurring inconsistent obligations. The closest scenario would be a declaration by this court that the insurance policy is null and void, and a contradictory determination in a state proceeding allowing recovery on the policy. While this scenario would produce inconsistent judgments or results, it would not impose inconsistent "obligations" on National Union; National Union would be subject to only one judgment obligation. Because Rule 19(a)(2) speaks in terms of inconsistent "obligations" and not inconsistent "results," clause (a)(2) of Rule 19 does not apply to these circumstances. *See Bedel v. Thompson,* 103 F.R.D. 78, 81 (S.D.Ohio 1984).

The above-described scenario does illustrate, however, that failure to join HMLP as a party to the action can render the judgment of this court hollow or ineffectual. Although this court could issue a declaratory judgment declaring the insurance policy at issue to be null, void, and of no effect *ab initio,* this ruling would not be binding on HMLP if it were not a party to this proceeding. *See Eagle–Picher Industries, Inc. v. Liberty Mutual Insurance*

*Co.,* 682 F.2d 12, 16 (1st Cir.1982), *cert. denied,* 460 U.S. 1028, 103 S.Ct. 1279, 75 L.Ed.2d 500 (1983) (disposition of case cannot be legally binding on nonparties); *Lopez v. Arraras,* 606 F.2d 347, 352 (1st Cir.1979) (only those who are party to a suit will be bound by court's judgment).

A declaratory judgment would be of little use to National Union if HMLP could relitigate the precise issue in a state proceeding. Consequently, complete relief cannot be accorded to National Union if HMLP is not a party to this action; HMLP is therefore a necessary party under clause (a)(1) of Rule 19. *See Federal Kemper Insurance Co. v. Rauscher,* 807 F.2d 345, 354 (3d Cir.1986) (full relief cannot be accorded to an insurance company seeking declaratory judgment unless injured party is joined in the action); *Acton Co., Inc. of Massachusetts v. Bachman Foods, Inc.,* 668 F.2d 76, 78 (1st Cir.1982) (joinder of additional party to contract is desired "not only to avoid piecemeal and duplicative litigation, but also to provide complete relief"). This conclusion furthers precisely those interests that Rule 19 was designed to protect, including the public interest in preventing multiple and repetitive litigation, and the interest of parties in obtaining complete and effective relief in a single action. *See Provident Bank v. Patterson,* 390 U.S. 102, 110–11, 88 S.Ct. 733, 738–39, 19 L.Ed.2d 936 (1967); *Acton Co., Inc. of Massachusetts v. Bachman Foods, Inc.,* 668 F.2d at 78.

HMLP cites *Black Diamond Girl Scout v. St. Paul Fire & Marine,* 621 F.Supp. 96, 98 (S.D.W.Va.1985) and *American Home Assurance Co. v. Monahan,* 38 Fed.Rules Serv.2d 974 (D.Conn.1983) to support its argument that it is not a necessary party to this action. In each of these cases, the district court found that an injured party was not a necessary party to a declaratory judgment action between an insurer and an insured. The reasoning in these cases, however, is not persuasive.

In *American Home Assurance,* the court based its decision not to join the allegedly injured party on a passage from *Hoosier Casualty Co. of Indianapolis v. Fox,* 102 F.Supp. 214, 224 (N.D.Iowa 1952) which said, in part, that "an injured person who has not obtained a judgment is not a necessary party." This passage should have limited precedential value, however, first because the case was decided before Fed.R.Civ.P. 19(a) was amended in 1966 to include the critical language, and second because the question before the court was whether to dismiss the cross-claims of injured parties because diversity of citizenship was lacking. The court therefore may have been applying a more stringent standard, analogous to the one currently set forth in Rule 19(b).

In *Black Diamond Girl Scout v. St. Paul Fire & Marine,* the court refused joinder of an injured party, reasoning that even if the party were not joined, future litigation of the policy coverage would be barred under the doctrine of collateral estoppel. 621 F.Supp. at 98. This would not be the case here, however, because under the doctrine of collateral estoppel, a prior judgment cannot be made binding on a nonparty whose interest was not represented in the first action. *Eagle–Picher Industries, Inc. v. Liberty Mutual Insurance Co., supra; Lopez v. Arraras, supra.* HMLP could therefore litigate the issue of the policy coverage in a separate action if it was dropped as a party here. This would render hollow and ineffectual any declaratory judgment issued by this court, denying National Union its right to complete relief and undermining one of the important considerations underlying Rule 19: "... the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Provident Bank v. Patterson,* 390 U.S. 102, 111, 88 S.Ct. 733, 739, 19 L.Ed.2d 936 (1968).

Because Hull Municipal Lighting Plant is a "person to be joined if feasible" pursuant to Rule 19(a)(1), its motion to be dropped as a party is DENIED.