Julio DELGADO, Plaintiff, Appellant,

v.

PLAZA LAS AMERICAS, INC., et al., Defendants, Appellees.

No. 97–1750.

United States Court of Appeals, First Circuit.

Heard Dec. 4, 1997.

Decided March 9, 1998.

Jorge Miguel Suro Ballester, with whom Cherie K. Durand and Law Offices Benjamin Acosta, Jr., San Juan, PR, were on brief, for appellant.

Ivan M. Fernandez, for appellees.

Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Julio Delgado appeals from the district court's dismissal of his complaint against defendants-appellees Plaza Las Americas, Inc. and Universal Insurance

Company for failure to join a party needed for just adjudication. *See* Fed.R.Civ.P. 19. Because we conclude that the court's determination was premised upon a mistaken reading of Fed.R.Civ.P. 19(a)(2)(ii), we vacate and remand.

## I.

On August 19, 1994, Nannette Delgado Ocasio was sexually abused and raped at gunpoint by an unidentified man on the premises of the Plaza Las Americas shopping center in San Juan, Puerto Rico. Subsequently, plaintiff, who is Ocasio's father and a Florida resident, brought this diversity action in United States District Court for the District of Puerto Rico. The complaint sought damages for the emotional pain and anguish plaintiff suffered as a result of the rape of his daughter. Meanwhile, Ocasio, who is a Puerto Rico resident, sued the same defendants in Puerto Rico Superior Court.

On February 27, 1996, acting *sua sponte*, the district court directed Delgado to show cause why this case should not be dismissed for (i) failure to meet the amount in controversy requirement of 28 U.S.C. § 1332(a); and/or (ii) nonjoinder of a non-diverse party—Ocasio—needed for just adjudication. Thereafter, the district court dismissed Delgado's complaint without prejudice, holding that, although a sufficient amount in controversy had been established, Delgado had failed to join a party necessary to the lawsuit under Fed.R.Civ.P. 19(a)(2)(ii)(an absentee may be deemed a necessary party if nonjoinder could "leave any of the persons already parties subject to a·substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest"), and indispensable to the lawsuit under Fed.R.Civ.P. 19(b).

In determining that Ocasio was a necessary party, the court reasoned that the potential for inconsistent verdicts in Ocasio's state action and Delgado's federal action subjected defendants to a substantial risk of incurring multiple or otherwise inconsistent obligations. The court also observed that allowing the two actions to proceed would be an inefficient use of judicial resources and raised the specter of one of the plaintiffs using "offensive collateral estoppel" against defendants.[1] Having determined that Ocasio was a necessary party on these bases, the court applied the gestalt factors set forth in Fed.R.Civ.P. 19(b) and found that Ocasio also was indispensable to the lawsuit. Because Ocasio was non-diverse, the court then dismissed the action without prejudice to its being reinstated should the Commonwealth court deny plaintiff permission to join in Ocasio's lawsuit.

## II.

Plaintiff makes three arguments on appeal. He first contends that the district court exceeded its discretion in addressing the issue of nonjoinder *sua sponte*. He also argues that the court premised its dismissal upon an erroneous construction of Fed.R.Civ.P. 19(a)(2)(ii). Finally, he challenges the lower court's indispensability determination under Fed.R.Civ.P. 19(b). For their part, defendants contend that we do not have appellate jurisdiction over this appeal under 28 U.S.C. § 1291 because the dismissal challenged here was without prejudice and was therefore not a final judgment.

■ Although we accept plaintiff's second argument, we think it important to note that his first argument is entirely unpersuasive. We have squarely held that a district court may raise the issue of nonjoinder *sua sponte*. *See Gonzalez v. Cruz*, 926 F.2d 1, 5 n. 6 (1st Cir.1991) (citing Fed.R.Civ.P. 21). So too do we reject summarily defendant's contention that we lack appellate jurisdiction over this matter, as the effect of the dismissal without prejudice was to oust from federal court a suit over which the court had subject matter jurisdiction. *See Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 9–10 & n. 8, 103 S.Ct. 927, 933–34 & n. 8, 74 L.Ed.2d 765 (1983) (appellate court has jurisdiction where district court enters a stay with expectation that if plaintiff does not obtain relief in state court federal litigation

---

1. The court did not, however, explain how these additional considerations might subject defendants to "inconsistent obligations" under Fed.R.Civ.P. 19(a)(2)(ii).

may resume); *Burns v. Watler*, 931 F.2d 140, 143 (1st Cir.1991) (similar).

■ The primary question before us, then, is whether the district court correctly determined that Ocasio is a necessary party under Fed.R.Civ.P. 19(a)(2)(ii).[2] As stated above, Fed.R.Civ.P. 19(a)(2)(ii) provides that an absentee may be deemed a necessary party if nonjoinder will "leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Although the plaintiff has the right to control his own litigation and to choose his own forum, Fed.R.Civ.P. 19(a)(2)(ii) balances these rights against the defendants' (and systemic) interests in avoiding judgments giving rise to "inconsistent obligations." *See Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir.1970).

■ "Inconsistent obligations" are not, however, the same as inconsistent adjudications or results. *See Micheel v. Haralson*, 586 F.Supp. 169, 171 (E.D.Pa.1983); *see also* 4 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 19.03 (3d ed.1997). Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. *See* 4 Moore's at ¶ 19.03. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. *See National Union Fire Ins. Co. of Pittsburgh v. Massachusetts Mun. Wholesale Elec. Co.*, 117 F.R.D. 321, 322 (D.Mass.1987) (citing *Bedel v. Thompson*, 103 F.R.D. 78, 81 (S.D.Ohio 1984)); *see also Boone v. General Motors Acceptance Corp.*, 682 F.2d 552, 554 (5th Cir.1982)(the threat of inconsistent obligations, not multiple litigations, informs Fed.R.Civ.P. 19(a) considerations); *Field v. Volkswagenwerk AG*, 626 F.2d 293, 301 (3d Cir.1980) (similar). Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident—i.e., a risk of inconsistent

adjudications or results—does not necessitate joinder of all of the parties into one action pursuant to Fed.R.Civ.P. 19(a). *See Field*, 626 F.2d at 301. Moreover, where two suits arising from the same incident involve different causes of action, defendants are not faced with the potential for double liability because separate suits have different consequences and different measures of damages. *See In re Torcise*, 116 F.3d 860, 866 (11th Cir.1997).

In this situation, defendants faced a federal action and a state action arising from the same incident. In reasoning that defendants could be facing "inconsistent obligations," the district court noted that defendants could be found liable to Delgado in federal court, but not liable to Ocasio in state court, or vice versa. Although the court also looked to other factors in reaching its conclusion, it is this determination—which is really a determination that defendants faced the threat of inconsistent results—that grounded the court's ruling that Ocasio was a necessary party to this lawsuit. Yet as we have explained, the mere possibility of inconsistent results in separate actions does not make the plaintiff in each action a necessary party to the other. And even if it did, the fact remains that Ocasio and her father have separate causes of action based on different theories of recovery. We therefore cannot sustain the court's ruling that Ocasio is a party both necessary and indispensable to this lawsuit.

### III.

Although we think the district court was likely correct in thinking that efficiency would be served if Delgado's claim and Ocasio's claim were litigated in the same proceeding, Fed.R.Civ.P. 19 does not permit us to treat this concern alone as a basis for refusing to exercise diversity jurisdiction over this case. And whether wise or not, the lesson of the abstention cases is, of course, that federal jurisdiction should be asserted almost all the time. We therefore are left

---

2. In so stating, we note that a party cannot be indispensable under Fed.R.Civ.P. 19(b) unless she is first deemed necessary under Fed.R.Civ.P. 19(a).

with no choice other than to vacate the judgment and remand for further proceedings.

*Vacated and remanded.*