USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 ____________________
 
 
No. 97-1750

 JULIO DELGADO,
 
 Plaintiff, Appellant,
 
 v.
 
 PLAZA LAS AMERICAS, INC., ET AL.,
 
 Defendants, Appellees.
 
 ____________________
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF PUERTO RICO
 
 [Hon. Salvador E. Casellas, U.S. District Judge]
 
 ____________________
 
 Before
 
 Torruella, Chief Judge,
 Boudin and Stahl, Circuit Judges.
 
 ____________________
 
 Jorge Miguel Suro Ballester, with whom Cherie K. Durand and Law
Offices Benjamin Acosta, Jr. were on brief for appellant.
 Ivan M. Fernandez for appellees.

 ____________________

 March 9, 1998
 ____________________ Per curiam. Plaintiff-appellant Julio Delgado appeals from
 the district court's dismissal of his complaint against
 defendants-appellees Plaza Las Americas, Inc. and Universal
 Insurance Company for failure to join a party needed for just
 adjudication. See Fed. R. Civ. P. 19. Because we conclude
 that the court's determination was premised upon a mistaken
 reading of Fed. R. Civ. P. 19(a)(2)(ii), we vacate and
 remand.
 I.
 On August 19, 1994, Nannette Delgado Ocasio was sexually
 abused and raped at gunpoint by an unidentified man on the
 premises of the Plaza Las Americas shopping center in San
 Juan, Puerto Rico. Subsequently, plaintiff, who is Ocasio's
 father and a Florida resident, brought this diversity action
 in United States District Court for the District of Puerto
 Rico. The complaint sought damages for the emotional pain
 and anguish plaintiff suffered as a result of the rape of his
 daughter. Meanwhile, Ocasio, who is a Puerto Rico resident,
 sued the same defendants in Puerto Rico Superior Court.
 On February 27, 1996, acting sua sponte, the district court
 directed Delgado to show cause why this case should not be
 dismissed for (i) failure to meet the amount in controversy
 requirement of 28 U.S.C. 1332(a); and/or (ii) nonjoinder of
 a non-diverse party -- Ocasio -- needed for just
 adjudication. Thereafter, the district court dismissed
 Delgado's complaint without prejudice, holding that, although
 a sufficient amount in controversy had been established,
 Delgado had failed to join a party necessary to the lawsuit
 under Fed. R. Civ. P. 19(a)(2)(ii)(an absentee may be deemed
 a necessary party if nonjoinder could "leave any of the
 persons already parties subject to a substantial risk of
 incurring double, multiple, or otherwise inconsistent
 obligations by reason of the claimed interest"), and
 indispensable to the lawsuit under Fed. R. Civ. P. 19(b).
 In determining that Ocasio was a necessary party, the court
 reasoned that the potential for inconsistent verdicts in
 Ocasio's state action and Delgado's federal action subjected
 defendants to a substantial risk of incurring multiple or
 otherwise inconsistent obligations. The court also observed
 that allowing the two actions to proceed would be an
 inefficient use of judicial resources and raised the specter
 of one of the plaintiffs using "offensive collateral
 estoppel" against defendants. Having determined that Ocasio
 was a necessary party on these bases, the court applied the
 gestalt factors set forth in Fed. R. Civ. P. 19(b) and found
 that Ocasio also was indispensable to the lawsuit. Because
 Ocasio was non-diverse, the court then dismissed the action
 without prejudice to its being reinstated should the
 Commonwealth court deny plaintiff permission to join in
 Ocasio's lawsuit.
 II.
 Plaintiff makes three arguments on appeal. He first contends
 that the district court exceeded its discretion in addressing
 the issue of nonjoinder sua sponte. He also argues that the
 court premised its dismissal upon an erroneous construction
 of Fed. R. Civ. P. 19(a)(2)(ii). Finally, he challenges the
 lower court's indispensability determination under Fed. R.
 Civ. P. 19(b). For their part, defendants contend that we do
 not have appellate jurisdiction over this appeal under 28
 U.S.C. 1291 because the dismissal challenged here was
 without prejudice and was therefore not a final judgment.
 Although we accept plaintiff's second argument, we think it
 important to note that his first argument is entirely
 unpersuasive. We have squarely held that a district court
 may raise the issue of nonjoinder sua sponte. See Gonzalezv. Cruz, 926 F.2d 1, 5 n.6 (1st Cir. 1991) (citing Fed. R.
 Civ. P. 21). So too do we reject summarily defendant's
 contention that we lack appellate jurisdiction over this
 matter, as the effect of the dismissal without prejudice was
 to oust from federal court a suit over which the court had
 subject matter jurisdiction. See Moses H. Cone Hosp. v.
 Mercury Constr. Corp., 460 U.S. 1, 9-10 & n.8 (1982)
 (appellate court has jurisdiction where district court enters
 a stay with expectation that if plaintiff does not obtain
 relief in state court federal litigation may resume); Burnsv. Watler, 931 F.2d 140, 143 (1st Cir. 1991) (similar).
 The primary question before us, then, is whether the district
 court correctly determined that Ocasio is a necessary party
 under Fed. R. Civ. P. 19(a)(2)(ii). As stated above, Fed.
 R. Civ. P. 19(a)(2)(ii) provides that an absentee may be
 deemed a necessary party if nonjoinder will "leave any of the
 persons already parties subject to substantial risk of
 incurring double, multiple, or otherwise inconsistent
 obligations by reason of the claimed interest." Although the
 plaintiff has the right to control his own litigation and to
 choose his own forum, Fed. R. Civ. P. 19(a)(2)(ii) balances
 these rights against the defendants' (and systemic) interests
 in avoiding judgments giving rise to "inconsistent
 obligations." See Schutten v. Shell Oil Co., 421 F.2d 869,
 873 (5th Cir. 1970). 
 "Inconsistent obligations" are not, however, the same as
 inconsistent adjudications or results. See Micheel v.
 Haralson, 586 F. Supp. 169, 171 (E.D. Pa. 1983); see also 4
 James Wm. Moore et al., Moore's Federal Practice 19.03 (3d
 ed. 1997). Inconsistent obligations occur when a party is
 unable to comply with one court's order without breaching
 another court's order concerning the same incident. See 4
 Moore's at 19.03. Inconsistent adjudications or results,
 by contrast, occur when a defendant successfully defends a
 claim in one forum, yet loses on another claim arising from
 the same incident in another forum. See National Union Fire
 Ins. Co. of Pittsburgh v. Massachusetts Mun. Wholesale Elec.
 Co., 117 F.R.D. 321, 322 (D. Mass. 1987) (citing Bedel v.
 Thompson, 103 F.R.D. 78, 81 (S.D. Ohio 1984)); see also Boonev. General Motors Acceptance Corp., 682 F.2d 552, 554 (5th
 Cir. 1982)(the threat of inconsistent obligations, not
 multiple litigations, informs Fed. R. Civ. P. 19(a)
 considerations); Field v. Volkswagenwerk AG, 626 F.2d 293,
 301 (3d Cir. 1980) (similar). Unlike a risk of inconsistent
 obligations, a risk that a defendant who has successfully
 defended against a party may be found liable to another party
 in a subsequent action arising from the same incident --
 i.e., a risk of inconsistent adjudications or results -- does
 not necessitate joinder of all of the parties into one action
 pursuant to Fed. R. Civ. P. 19(a). See Field, 626 F.2d at
 301. Moreover, where two suits arising from the same
 incident involve different causes of action, defendants are
 not faced with the potential for double liability because
 separate suits have different consequences and different
 measures of damages. See In Re Torcise, 116 F.3d 860, 866
 (11th Cir. 1997).
 In this situation, defendants faced a federal action and a
 state action arising from the same incident. In reasoning
 that defendants could be facing "inconsistent obligations,"
 the district court noted that defendants could be found
 liable to Delgado in federal court, but not liable to Ocasio
 in state court, or vice versa. Although the court also
 looked to other factors in reaching its conclusion, it is
 this determination -- which is really a determination that
 defendants faced the threat of inconsistent results -- that
 grounded the court's ruling that Ocasio was a necessary party
 to this lawsuit. Yet as we have explained, the mere
 possibility of inconsistent results in separate actions does
 not make the plaintiff in each action a necessary party to
 the other. And even if it did, the fact remains that Ocasio
 and her father have separate causes of action based on
 different theories of recovery. We therefore cannot sustain
 the court's ruling that Ocasio is a party both necessary and
 indispensable to this lawsuit.
 III.
 Although we think the district court was likely correct in
 thinking that efficiency would be served if Delgado's claim
 and Ocasio's claim were litigated in the same proceeding,
 Fed. R. Civ. P. 19 does not permit us to treat this concern
 alone as a basis for refusing to exercise diversity
 jurisdiction over this case. And whether wise or not, the
 lesson of the abstention cases is, of course, that federal
 jurisdiction should be asserted almost all the time. We
 therefore are left with no choice other than to vacate the
 judgment and remand for further proceedings.
 Vacated and remanded.