# United States Court of Appeals
## For the First Circuit

No. 16-1737

DAMARIS MALDONADO-VIÑAS; JUAN CARLOS IGLESIAS-MALDONADO;
and JOSÉ CARLOS IGLESIAS-MALDONADO,

Plaintiffs, Appellees,

v.

NATIONAL WESTERN LIFE INSURANCE COMPANY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Camille L. Vélez-Rivé, U.S. Magistrate Judge]

Before

Torruella, Lipez, and Barron,
Circuit Judges.

Salvador J. Antonetti-Stutts, with whom Carla García-Benítez, Alejandro J. García-Carballo, and O'Neill & Borges, LLC were on brief, for appellant.
José A. Hernández-Mayoral, for appellees.

June 29, 2017

**TORRUELLA**, **Circuit Judge**.  Defendant-appellant National Western Life Insurance Co. ("National Western") appeals from a judgment in favor of Plaintiffs Damaris Maldonado-Viñas ("Maldonado"), Juan Carlos Iglesias Maldonado, and José Carlos Iglesias Maldonado (collectively, "Plaintiffs") that invalidated two life insurance annuity policies.  National Western argues that: (1) the beneficiary of the two annuities was a necessary party under Fed. R. Civ. P. 19, even though National Western had already paid him; (2) one annuity policy was not void even though the application was not executed in accordance with National Western's internal policies; and (3) the second annuity policy was not void under Puerto Rico law solely because it was processed by an insurance agent who was not licensed by the Office of the Commissioner of Insurance of the Commonwealth of Puerto Rico.

We vacate the judgment and remand for further findings concerning the necessity of joining the beneficiary under Rule 19.

## I.  BACKGROUND

**A.  Factual Background**

At the time of his death on November 2, 2011, Carlos Iglesias-Álvarez ("Carlos"[1] or "the decedent") had been married to Maldonado for about twenty-two years.  Plaintiffs Juan Carlos

---

[1] We use "Carlos" to distinguish the decedent from his brother, Francisco Iglesias-Álvarez, who we call "Francisco" for the same reason.  We mean no disrespect to either.

Iglesias Maldonado and José Carlos Iglesias Maldonado are the children of Maldonado and Carlos. Plaintiffs are Carlos's legal heirs.

This case primarily concerns defects in the execution of two life insurance annuity policies which Carlos purchased through National Western. On April 30, 2011, Carlos purchased a life insurance policy through National Western ("Annuity No. 1"). Two days later, on May 2, 2011, Carlos purchased a second policy. Due to issues with the execution of that policy, it was cancelled by National Western and reissued ("Annuity No. 2"). Under both policies, Carlos named his brother, Francisco Iglesias-Álvarez ("Francisco") as the sole beneficiary.

Carlos paid $1,467,500 each, a total of $2,935,000, for the annuities. Both policies contained defects in their execution. The agent who issued Annuity No. 1 on National Western's behalf was not licensed by Puerto Rico Office of the Commissioner of Insurance. Annuity No. 2 was not executed in accordance with National Western's internal policies. Despite these defects, National Western issued the two policies on April 30, 2011 and June 7, 2011.

After Carlos's death on November 2, 2011, Francisco mailed a claim form to National Western seeking benefits from Annuity No. 2. National Western informed Francisco that he was also the beneficiary of Annuity No. 1 and that he needed to submit

-3-

a second claim form and some additional information.  Francisco mailed the requested information on February 9, 2012.  National Western paid Francisco the benefits from the annuities on February 23, 2012 and March 13, 2012.

On April 24, 2015, three years after National Western had paid Francisco the benefits from the annuities and more than a year after Plaintiffs sued National Western, Francisco submitted a document in which he claimed to be "Francisco J. Iglesias," the owner of Annuity No. 2, and attempted to ratify the policy.  All communications were between Francisco's residence in Spain and Western National's office in Texas.

## B.  Procedural History

Plaintiffs sued National Western in the U.S. District Court for the District of Puerto Rico on March 11, 2014, seeking a declaration that the policies were void and a return of the premiums paid by Carlos.  On May 12, 2014, National Western filed a motion to dismiss because Plaintiffs failed to join a necessary party, Francisco.  The district court issued an Opinion and Order denying that motion on November 10, 2014.  Shortly after, National Western answered the complaint and filed a motion for reconsideration, which the district court also denied.

On December 16, 2015, the parties filed motions for summary judgment.  On March 31, 2016, a magistrate judge granted Plaintiffs' motion for summary judgment and denied National

-4-

Western's motion. National Western's motion for reconsideration was denied on May 5, 2016. National Western timely appealed.

## II. ANALYSIS

Federal Rule of Civil Procedure 19(a), "Persons Required to Be Joined if Feasible," states:

> (1) **Required Party**. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

If a court determines that a person must be joined if feasible, it then must determine whether doing so is actually feasible under Rule 19(b). "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

The district court ruled that Francisco was not "required to be joined if feasible"[2] under Rule 19(a), and so it

---

[2] Parties who are "required to be joined if feasible" are still

-5-

did not analyze whether it would be feasible to join him under Rule 19(b). We review both Rule 19(a) and Rule 19(b) determinations under an abuse of discretion standard. Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 14-15 (1st Cir. 2008). Thus, we will reverse "only if 'the district court makes an error of law or relies significantly on an improper factor, omits a significant factor, or makes a clear error of judgment in weighing the relevant factors.'" Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 24 (1st Cir. 2010) (quoting Picciotto, 512 F.3d at 15).

Relying on Delgado v. Plaza Las Américas, Inc., 139 F.3d 1 (1st Cir. 1998), the district court ruled that even though National Western "would certainly have paid out double on the annuities" if two different courts reached different conclusions about whether the policies were void, that would not subject it to double obligations. In Delgado, a woman sued a shopping center in state court after she was raped on the shopping center's premises. Id. at 2. Separately, her father brought a diversity action in federal court seeking damages for the emotional pain he suffered as a result of his daughter's rape. Id. The district court ruled that the daughter must be joined if feasible under Rule 19(a)

_____

sometimes called "necessary," even though Rule 19 no longer uses the term "necessary," Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 15 n.10 (1st Cir. 2008), and they are not literally necessary because suits may continue without such parties if doing so would be equitable under Rule 19(b). See id. at 15.

because otherwise the shopping center might face inconsistent obligations.  Id.  It reasoned that the shopping center might be found liable to the father in the federal action, but not to the daughter in the state action, or vice versa, even though the father's claims were derivative of the daughter's.  Id. at 3.  We reversed, reasoning that:

> where two suits arising from the same incident involve different causes of action, defendants are not faced with the potential for double liability because separate suits have different consequences and different measures of damages . . . [and] the mere possibility of inconsistent results in separate actions does not make the plaintiff in each action a necessary party to the other.

Id.

Rule 19(a)(1)(B)(ii) requires the joinder of a person if feasible where that unjoined person's interest creates a substantial risk that an existing party will be subject to double or multiple obligations.  There was no such risk in Delgado for a very simple reason:  even if the absent daughter had been joined, the shopping center may well have been liable to both the father and the daughter.  The shopping center's complaint was that it might be liable to one or the other, when logically it should only be liable to both or neither.  The fact that the case was divided, however, could never result in it owing obligations to more parties than it ever would in a single action.  Thus, the absent daughter's

-7-

interest could not increase the shopping center's potential liability from the incident as a whole.

Here, however, Francisco's interest might do just that. In a single action, the policies could never be void as to Plaintiffs -- thus obliging National Western return the premiums -- but not void as to Francisco -- thus obliging National Western to pay him benefits. But where, as here, Francisco is not a party, National Western may well be subject to both obligations. The issue is not that two courts may reach inconsistent conclusions, it is that by reaching those conclusions, National Western may be subject to double obligations.

The district court, however, reasoned that National Western might be unable to recover from Francisco even if the policies were void because Francisco "could possibly assert a defense that but for National Western's negligence, the annuities would have remained valid." If National Western could never obtain a return of the benefits it paid to Francisco even if the policies are void, then it would not, in fact, be subject to double obligations. Rather, it would owe an obligation to Plaintiffs because the policies were void, but it would be unable to collect from Francisco because of its own negligence, an entirely different theory, and one that could apply in either a consolidated or a separate case.

Neither the district court nor Plaintiffs, however, cite any authority to support the district court's assertion.[3] We have not found any Puerto Rico case directly on point, but "[a]s a general rule, if an insurer pays a loss as a result of fraud or a mistake as to facts which would have been a sufficient defense in an action by the insured upon the policy, the money so paid may be recovered." Steven Plitt, et al., 16 Couch on Ins. § 226:50 (3d ed. 2017); see also id. § 226:80 (collecting cases allowing recovery of benefits mistakenly paid to incorrect parties); Glover v. Metro. Life Ins. Co., 664 F.2d 1101, 1103 (8th Cir. 1981) (requiring party mistakenly paid as beneficiary to return payment, even though insurance company had constructive knowledge that another party might have been the true beneficiary when it made the payment). Francisco's alternative defenses are therefore no sure thing, and he would almost certainly argue that the policies are not void in any separate action. In addition, although the district court found that the policies were void, there remains a

---

[3] National Western argues that, under P.R. Laws Ann. Tit. 31, § 3514, Francisco must return any benefits he received if the policies are void. P.R. Laws Ann. Tit. 31, § 3514 states that "[w]hen the nullity of an obligation has been declared, the contracting parties shall restore to each other the things which have been the object of the contract." Although a vested beneficiary has "personal rights stemming from the contract," however, the beneficiary is "not a party to the contract." Fernández Vda. de Alonso v. Cruz Batiz, No. CE-90-842, 128 D.P.R. 493, Slip op. at 4 (P.R. June 6, 1991). P.R. Laws Ann. Tit. 31, § 3514 therefore seems inapplicable.

"substantial risk" that a different court would decide otherwise, and so subject National Western to "double . . . obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii).

"[I]t is the object of courts to prevent the payment of any debt twice over." Harris v. Balk, 198 U.S. 215, 226 (1905). Rule 19(a)(1)(B)(ii)'s preference for the joinder of parties in order to avoid double or multiple obligations furthers that purpose. Because, as the district court recognized, National Western might have to "pa[y] out double on the annuities," and there is a substantial risk that this would occur if Francisco was not joined, Francisco was a person required to be joined if feasible under Rule 19(a).[4]

Because Francisco was a person required to be joined if feasible under Rule 19(a), and the parties agree that he could not feasibly be joined because the district court lacked personal jurisdiction over him, the district court should have "determine[d] whether, in equity and good conscience, the action should [have] proceed[ed] among the existing parties or should

---

[4] In factually analogous circumstances, the Sixth Circuit has also held that a third party, who had already been paid by the defendant, was a required party under Rule 19(a), although it did so because it reasoned that a court could not otherwise afford complete relief among the parties. Soberay Mach. & Equip. Co. v. MRF Ltd., 181 F.3d 759, 764 (6th Cir. 1999). Specifically, the Sixth Circuit found that if the defendant was liable to the plaintiff, the defendant "would [be] required to seek relief against [the absent party]." Id.

[have been] dismissed." Fed. R. Civ. P. 19(b). The district court, however, never reached this step.

The parties' briefs contain some discussion of the Rule 19(b) analysis. We grant deference to a district court's Rule 19(b) determinations, however, Picciotto, 512 F.3d at 14-15, and the decision is ultimately an equitable one, "steeped in pragmatic considerations." B. Fernández & Hnos, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 23 (1st Cir. 2008) (quoting In re Olympic Mills Corp., 477 F.3d 1, 9 (1st Cir. 2007)). Here, the district court has not exercised its discretion. Nor has it made findings on important issues such as whether another court in Texas, Spain, or elsewhere could obtain jurisdiction over both National Western and Francisco, and so provide Plaintiffs with an adequate remedy in another forum. We therefore decline to reach the Rule 19(b) issue in the first instance.

### III. CONCLUSION

Because Francisco was a person required to be joined if feasible under Rule 19(a), we **vacate** the district court's judgment and **remand** to the district court to determine whether it is nevertheless equitable for the case to proceed without him. Each party is to bear its own costs.

**VACATED and REMANDED**.