NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS ASKE, | No. 20-35796 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00517-HZ |
| v. | |
| CLATSKANIE SCHOOL DISTRICT 6J, an Oregon Public School District; CATHY HUROWITZ, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted October 4, 2021**
Portland, Oregon

Before: W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Douglas Aske appeals the district court's order granting summary judgment

to Cathy Hurowitz, a school superintendent, in an action alleging that Hurowitz

denied Aske his right to procedural due process in violation of 42 U.S.C. § 1983.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo the district court's ruling on a motion for summary judgment. *See Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). When reviewing a summary judgment decision, we "must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Ward v. Ryan*, 623 F.3d 807, 810 (9th Cir. 2010) (citation omitted). We affirm.

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1147 (9th Cir. 2018) (quoting *Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998)). Substantive property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1031 (9th Cir. 2012) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "A [state] law establishes a property interest in employment if it restricts the grounds on which an employee may be discharged." *Palm v. Los Angeles Dep't of Water and Power*, 889 F.3d 1081, 1085 (9th Cir. 2018) (citation omitted) (alteration in original). In other words, Aske has "no constitutionally-protected property right if his position was 'at-will' under Oregon law." *Lawson v. Umatilla Cty.*, 139 F.3d

690, 692 (9th Cir. 1998).

The district court correctly concluded that Aske has not demonstrated a genuine dispute of material fact as to whether he had a protected property interest in his continued employment with Clatskanie School District (CSD).  Aske's contract with CSD did not create an entitlement to continued employment under Oregon law. "[I]n Oregon, the general rule is that an employer may discharge an employee at any time and for any reason, absent a contractual, statutory, or constitutional requirement to the contrary."  *Cocchiara v. Lithia Motors, Inc.*, 297 P.3d 1277, 1282 (Or. 2013) (citation and internal quotation marks omitted).  Aske points to no contractual provision that modifies this at-will arrangement.

Aske's claim that an employee handbook created a contract for continued employment that gave rise to a protected property interest is similarly unavailing. The handbook did not create a protected property interest because it did not promise continued employment or create a discharge for-cause requirement.  Moreover, "Oregon courts have consistently held that a disclaimer in an employee handbook or personnel [policy] is sufficient to retain an employee's at-will status." *Lawson*, 139 F.3d at 693.  The handbook's disclaimer—that "[n]o information in this document shall be viewed as an offer, express or implied or as a guarantee of any employment of any duration"—confirms the at-will nature of Aske's employment.

Finally, Aske contends that Hurowitz's assurances that Aske would be

3

provided due process created a contract with a protected property interest in continued employment. Even assuming Aske preserved this argument below, it fails because "[p]rocedural guarantees ordinarily do not transform a unilateral expectation into a constitutionally protected interest." *Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir. 1980). Similarly, Aske cites no authority to support his claim that a protected property interest arose from CSD's "past practices" of providing employees with the handbook or the former superintendent's belief that employees were entitled to due process. As we have held, "a mere expectation that employment will continue does not create a property interest." *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).[1]

**AFFIRMED.**

---

[1] Because Aske has no property interest in his continued employment at CSD, we do not reach Aske's additional arguments that he was provided insufficient process and that Hurowitz is not entitled to qualified immunity.