STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-35

KATHERINE HOFFMAN, WILLIAM
HOFFMAN JR., & CALVIN HOFFMAN

    Plaintiffs

    v.

MATTHEW NOLAN, KENNETH BARTOW,
& BANKERS STANDARD INSURANCE CO.

    Defendants

)
)
)
)
)
)  ORDER ON MOTION FOR JOINDER
)
)
)
)
)
)

Before the Court is Defendant Bankers Standard Insurance Company's ("Bankers")

Motion for Joinder of Evelyn Hoffman as a Plaintiff in the instant action. For the reasons set

forth herein, the Motion is GRANTED.

## FACTUAL BACKGROUND

This case arises out of a boating accident which occurred in July of 2015 on Thompson

Lake in Otisfield, Maine. Plaintiffs Katherine and William Hoffman, Jr. were traveling in a boat

piloted by Defendant Matthew Nolan when it collided with a boat driven by Defendant Kenneth

Bartow. Calvin Hoffman, son of Katherine and William was water skiing in the boat's wake.[1]

Evelyn Hoffman ("Evelyn"), daughter of Katherine and William, was also in the boat but is not

currently a party to this suit. Plaintiffs Katherine and William are residents of Bethesda,

---

[1] Katherine, William, and Calvin are referenced individually in this Order by their first names and are referred to collectively as the "Hoffmans."

Maryland. Plaintiff Calvin Hoffman is a current resident of New York. Defendant Matthew Nolan is a resident of Maryland and Defendant Kenneth Bartow is a resident of Maine.

Defendant Bankers is a Pennsylvania based insurance provider that issued the subject insurance policy to the Plaintiffs and Evelyn. That policy includes an underinsured policy endorsement that offers coverage of up to one million dollars per occurrence to the extent the amount awarded or claimed exceeds the available recovery under another insured's policy. Defendant Bartow has insurance which covers the conduct at issue, Defendant Nolan does not.

On July 12th, 2021, the Hoffmans filed a five count complaint in Oxford County Superior Court, alleging negligence by Nolan and Bartow. The complaint also alleges breach of contract by Bankers, and seeks payment from Bankers for the Plaintiffs injuries suffered as a result of the accident, to the extent the amount recoverable exceeds Bartow's policy limits.

On February 7th, 2022, Bankers filed the instant Motion for Joinder seeking to join Evelyn, the fourth member of the Hoffman family present in the boat on the day of the accident, as a Plaintiff. In sum, Bankers argues that Evelyn must be joined because failure to do so would impede Evelyn's "ability to protect her interests," or place Bankers at substantial risk of "incurring double, multiple, or otherwise inconsistent obligations." M.R. Civ. P. 19(a)(2). Evelyn has filed her own, largely identical, legal action against Defendants Bankers and Nolan in Maryland's Montgomery County Circuit Court. On February 28th, 2022, the Plaintiffs filed their objection to Bankers' Motion, and on March 10th, 2022 Bankers filed their reply. This Motion, now fully briefed, awaits this Court's decision.

## DISCUSSION

In support of their Motion for Joinder, Bankers alleges that the text of M.R. Civ. P. 19(a)(2) requires Evelyn's joinder in the instant case as a Plaintiff because not joining her could

2

either (i) impede her interest in recovering her share of the one million dollar fund available to the insured or (ii) place Bankers at a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

The Plaintiffs counter Bankers' assertions with three arguments. First, they maintain that there is no risk to Bankers of double, multiple, or otherwise inconsistent obligations. Second, they argue that Evelyn is not subject to service in Maine, and finally, they request that this Court delay issuing an Order on Bankers' Motion until a scheduled mediation can be completed on May 25th, 2022.[2]

M.R. Civ. P. 19(a)(2) provides:

**(a) Persons to Be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

Here, this Court determines that joinder of Evelyn as a Plaintiff in this action is proper utilizing either subsection of M.R. Civ. P. 19(a)(2). It is undeniable that disposition of this case without Evelyn as a party would impair or impede her ability to protect an interest of hers, namely her entitlement to compensation for her damages in excess of Bartow's insurance policy limits. If this action is resolved quicker than Evelyn's pending litigation in Maryland, and either

---

[2] While the Court addresses the Plaintiffs first counter argument at length, it rejects their second and third points of contention. Evelyn's residence in Maryland and the inability to serve her within the State of Maine has no bearing on the outcome of this Motion. While it is true that the text of Rule 19(a) constrains its application to persons "subject to service of process," M.R. Civ. P. 4 titled "Process," clearly provides procedures for service of individuals living outside the State. To the extent the Plaintiffs are raising an argument regarding this Court's jurisdiction over Evelyn, any such argument must be raised by her once she is officially a party to this suit.

The Court also rejects the Plaintiffs request to delay a ruling on the instant Motion. The Plaintiffs do not cite — and this Court cannot find — any authority which suggests Evelyn's joinder as a Plaintiff in the Maine lawsuit would affect the parties' attempts at alternative dispute resolution.

settles for or results in a judgment which is one million dollars greater than Bartow's policy limits, Evelyn, as a non-party, would lose all legal bases for recovery from Bankers in her Maryland suit. In this Court's mind, this is exactly the type of situation which Rule 19(a)(2)(i) was intended to address. *See also Duncan v. O'Shea*, No. 2:17-cv-00497-JDL, 2019 U.S. Dist. LEXIS 135148, at *8 (D. Me. Aug. 12, 2019) (holding that, under the nearly identical Fed. R. Civ. P. 19(a), a party necessarily has an interest in how a suit is resolved when they have brought a nearly identical lawsuit in another state arising out of the same events and asserting nearly identical claims against the same defendants.)

Moreover, even if subsection (i) of 19(a)(2) did not require Evelyn's joinder as a Plaintiff, subsection (ii) does. In support of their argument for subsection (ii)'s application, Bankers relies heavily on a similar case from the Eastern District of Missouri. *See Flowers v. Safeco Ins. Co.*, No. 4:15-cv-1588-RLW, 2016 U.S. Dist. LEXIS 50638 (E.D. Mo. Apr. 16, 2016.) (concluding, under Fed. R. Civ. P. 19(a), that an insurer was at substantial risk of incurring inconsistent obligations where three passengers injured in a car accident sought the maximum allowable recovery ($100,000) under the driver's underinsured motorist policy endorsement).

The Plaintiffs counter by attempting to distinguish this case from *Flowers* where, as here, the insured parties injured in the accident have not pled a sum certain or demanded a specific amount in recovery. Since none of the Plaintiffs have demanded the full amount offered to them under the Policy, they maintain there is no risk to Bankers of multiple or inconsistent obligations arising. In their opposition, the Plaintiffs even represent that all four Hoffman family members are not interested in obtaining judgments resulting in a total award greater than the policy's limit.

4

Regardless, the Plaintiffs say that Bankers can always file a motion for apportionment of any funds owed pursuant to M.R. Civ. P. 22 which governs interpleader.

This Court appreciates the apparent collaboration among the Plaintiffs and Evelyn but cannot accept their assertions as grounds for denial of Bankers' Motion. This is especially true given the standard of Rule 19(a)(2)(ii) which states that joinder of a party is appropriate where a "substantial risk" is faced. The representation of a party that they are unlikely to seek judgments totaling an amount resulting in competing court-ordered obligations does not adequately remove the risk that such a result will occur.

Similarly, this Court cannot accept the Hoffmans reliance on Rule 22 to serve as an appropriate mechanism for distribution of the policy's funds. Denying Bankers' Motion on this basis would force them to seek apportionment of insurance monies after a determination as to the applicability of — and amount owed under — the policy's underinsured endorsement has been made. And, regardless, could still subject them to inconsistent obligations.[3] Granting their Motion however, as the Court does now, allows apportionment among all interested parties to be conducted as part of the same lawsuit.

Without Evelyn Hoffman's joinder as a party to the instant lawsuit, Bankers faces a substantial risk of incurring multiple, or otherwise inconsistent obligations. *Cf. Duncan v. O'Shea*, No. 2:17-CV-00497-JDL, 2019 U.S. DIST. LEXIS 135148, at **7-8 (D. Me. Aug. 12, 2019) (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) ("A party is

---

[3] For example, any Motion by Bankers brought under M.R. Civ. P. 22 seeking a declaration as to distribution would not resolve the inconsistency or the risk that they would fail to comply with a court order in Evelyn's Maryland lawsuit. If the Plaintiffs here are awarded $700,000 in excess of the protection Bartow's policy offers, a Rule 22 Interpleader Motion seeking proper apportionment of that award would not absolve Bankers of any court-ordered obligation arising out of the Maryland suit. If a Maryland judgment was any greater than $300,000 of Bartow's limit, then Bankers would be at risk of non-compliance because of the Policy's one million dollar per occurrence limitation.

subject to "inconsistent obligations" when the party "is unable to comply with one court's order without breaching another court's order concerning the same incident.")

## CONCLUSION

For the foregoing reasons, Defendant Bankers Standard Insurance Company's Motion for Joinder of Evelyn Hoffman as a Plaintiff in this action is Granted. The Plaintiffs are hereby granted leave of Court to file an amended complaint within thirty days of the date of this Order. To the extent the Defendants feel amended response is required, they will have ten days from the date of service of the amended complaint to file their answers. *See* M.R. Civ. P. 15(a).

**Entry is:**

Defendant Banker Insurance Company's Motion for Joinder is Granted.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated April 15, 2022

Deborah P. Cashman
Justice, Maine Superior Court

6

SUPERIOR COURT
OXFORD, ss.
Docket No  SOPSC-CV-2021-00035

**DOCKET RECORD**

WILLIAM G HOFFMAN JR - PLAINTIFF
5818 WALTON ROAD
BETHESDA MD 20817
Attorney for: WILLIAM G HOFFMAN JR
DANIEL STEVENS  - RETAINED
STEVENS & DAY LLP
82 WINTHROP ST
AUGUSTA ME 04330

CALVIN M HOFFMAN  - PLAINTIFF
5818 WALTON ROAD
BETHESDA MD 20817
Attorney for: CALVIN M HOFFMAN
DANIEL STEVENS  - RETAINED
STEVENS & DAY LLP
82 WINTHROP ST
AUGUSTA ME 04330

KATHERINE COOPER HOFFMAN  - PLAINTIFF
5818 WALTON ROAD
BETHESDA MD 20817
Attorney for: KATHERINE COOPER HOFFMAN
DANIEL STEVENS  - RETAINED
STEVENS & DAY LLP
82 WINTHROP ST
AUGUSTA ME 04330

*Attorneys for this case.*

vs
KENNETH BARTOW  - DEFENDANT
11 JESSIE LANE
BIDDEFORD ME 04005
Attorney for: KENNETH BARTOW
LEE BALS  - RETAINED 11/19/2021
MARCUS CLEGG
16 MIDDLE STREET, UNIT 501
PORTLAND ME 04101-5166

Attorney for: KENNETH BARTOW
ANDREA S BATCHELDER  - WITHDRAWN 11/19/2021
GALLAGHER & CAVANAUGH LLP
22 SHATTUCK ST
LOWELL MA 01852

BANKERS STANDARD INSURANCE COMPANY - DEFENDANT
436 WALNUT ST
PHILADELPHIA PA 19106
Attorney for: BANKERS STANDARD INSURANCE COMPANY
TWAIN A BRADEN  - RETAINED 08/23/2021
THOMPSON BOWIE & HATCH LLC
PO BOX 4630
415 CONGRESS STREET 5TH FLOOR
PORTLAND ME 04112-4630

MATTHEW NOLAN  - DEFENDANT
10904 STANMORE DR

POTOMAC MD 20854
Attorney for: MATTHEW NOLAN
✗  JONATHAN BROGAN  - RETAINED 07/26/2021
NORMAN HANSON & DETROY LLC
PO BOX 4600
TWO CANAL PLAZA
PORTLAND ME 04112-4600


Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 07/13/2021

## Docket Events:

07/13/2021 FILING DOCUMENT - COMPLAINT FILED ON 07/13/2021

07/15/2021 Party(s):  KATHERINE COOPER HOFFMAN
           ATTORNEY - RETAINED ENTERED ON 07/13/2021
           Plaintiff's Attorney: DANIEL STEVENS

07/15/2021 Party(s):  WILLIAM G HOFFMAN JR
           ATTORNEY - RETAINED ENTERED ON 07/13/2021
           Plaintiff's Attorney: DANIEL STEVENS

07/15/2021 Party(s):  CALVIN M HOFFMAN
           ATTORNEY - RETAINED ENTERED ON 07/13/2021
           Plaintiff's Attorney: DANIEL STEVENS

07/27/2021 Party(s):  MATTHEW NOLAN
           RESPONSIVE PLEADING - ANSWER FILED ON 07/26/2021

07/27/2021 Party(s):  MATTHEW NOLAN
           ATTORNEY - RETAINED ENTERED ON 07/26/2021
           Defendant's Attorney: JONATHAN BROGAN

08/24/2021 Party(s):  BANKERS STANDARD INSURANCE COMPANY
           RESPONSIVE PLEADING - ANSWER FILED ON 08/23/2021

08/24/2021 Party(s):  BANKERS STANDARD INSURANCE COMPANY
           ATTORNEY - RETAINED ENTERED ON 08/23/2021
           Defendant's Attorney: TWAIN A BRADEN

10/07/2021 Party(s):  KENNETH BARTOW
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 09/03/2021

10/07/2021 Party(s):  KENNETH BARTOW
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 10/04/2021

10/07/2021 Party(s):  BANKERS STANDARD INSURANCE COMPANY
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 08/03/2021

10/07/2021 Party(s):  BANKERS STANDARD INSURANCE COMPANY
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 10/04/2021

10/07/2021 Party(s):  MATTHEW NOLAN